18820

H. C. PARK, Appellant, v. SAFECO INSURANCE COMPANY OF AMERICA and Southern Home Insurance Company, of whom Safeco Insurance Company is, Respondent.

(162 S. E. (2d) 709)

*Messrs. Odom, Nolen & Foster* and *James J. Raman,* of Spartanburg, *for Appellant,*

*Messrs. Means, Evins, Browne & Hamilton,* of Spartanburg, *for Respondent,*

*Messrs. Odom, Nolen & Foster* and *James J. Raman,* of Spartanburg, *for Appellant, in reply,*

August 14, 1968.

LITTLEJOHN, Justice.

Plaintiff's complaint (to which defendant Safeco Insurance Company of America demurs) alleges that he sustained injuries entitling him to damages, growing out of a collision between his Buick automobile and a Ford car driven by Boyce Richard McCall, who is not a party to this declaratory judgment action.

It further alleges that Southern Home Insurance Company issued to him a liability insurance policy on his Buick, with an uninsured motorist endorsement (as required by Section 46-750.33).

The complaint says that McCall, at the time and place of the collision, was insured under an automobile liability insurance policy issued by the defendant Safeco Insurance Company of America but that Safeco denies any policy issued by it affords McCall coverage. The policy was not issued in the name of McCall, but since for the purpose of a demurrer we treat the complaint as true, we shall refer to McCall as the insured.

The complaint continues by asserting that if Safeco's denial of coverage is successful, then McCall is an uninsured motorist, and in that event plaintiff would be entitled to the benefits of the uninsured motorist endorsement in his own policy written by Southern.

The complaint does not allege that Safeco has actually *successfully* denied coverage. It requests an order of the court (1) decreeing *whether* Safeco has successfully denied liability coverage to McCall, (2) declaring the rights of the parties to this action, and (3) declaring that plaintiff is entitled to uninsured motorist benefits if it be found that Safeco has successfully denied coverage.

To this complaint Safeco demurs, submitting that the complaint should be dismissed as to it because it appears on the face of the complaint: (1) that plaintiff is not a party to Safeco's contract of insurance alleged to protect McCall and the Ford involved in the collision, and has no rights thereunder until and unless he first establishes liability and obtains a judgment binding McCall or one protected by Safeco; and, (2) that there is no allegation that plaintiff has procured such judgment and that he is therefore a stranger to the contract without standing in court.

The lower court sustained the demurrer and dismissed the complaint as to Safeco. Plaintiff has appealed, submitting one issue for determination by this court: Did the lower court err in refusing to adjudicate the rights of plaintiff and Safeco?

Appellant phrases the question as follows in his brief:

"Does a person injured in an automobile collision have a standing to institute a declaratory judgment action to determine whether the tort-feasor's automobile liability insurer 'has successfully denied' coverage within the meaning of § 46-750.31 *et seq.* of the 1967 Cumulative Supplement to the 1962 South Carolina Code of Laws thereby making the uninsured motorist coverage of the Defendant, Southern Home Insurance Company, available to the Plaintiff?"

A part of the Motor Vehicle Safety Responsibility Act (as amended) provides that an automobile liability insurance policy, such as alleged to have been issued by Southern to the plaintiff, must contain provisions that insured persons who suffer injuries may collect a judgment from their own liability insurance carrier, when the injuries are caused by an uninsured motor vehicle. An uninsured motor vehicle is defined (in part) as "a motor vehicle as to which * * * (b) there is nominally such insurance, but the insurance carrier writing the same successfully denies coverage thereunder, * * *." Section 46-750.31.

Plaintiff's alleged right to sue is at this time primarily and basically against McCall. He has no right to call upon McCall for payment of damages until he establishes liability, and accordingly, he has no right to call upon any insurance company alleged to protect McCall, nor to call upon his own insurance carrier under the uninsured motorist endorsement of his own policy until such liability is fixed. Stated another way, no right to recover can accrue to plaintiff against either insurance company until and unless McCall becomes liable to pay. An injured person has no greater right against an insurer under a liability insurance policy than the insured.

There is at this time no real or actual controversy between the plaintiff and Safeco. Should this court rule, as suggested by the plaintiff, that Safeco has successfully denied liability coverage, his controversy with McCall would not be solved. He would still have to sue Mc-

Call. Moreover, if this court should hold that Safeco is not liable, and if plaintiff should proceed to procure a judgment against McCall, McCall would still not be barred from suing Safeco on the policy because he is not a party to this suit, and nothing herein determined can prejudice his rights. See *Dransfield v. Citizens Casualty Co.,* 5 N. J. 190, 74 A. (2d) 304, 18 A. L. R. (2d) 887 (1950).

If Southern, under the uninsured motorist law, is called upon to pay a judgment, it would have a subrogation claim against McCall (Sec. 46-750.36) and McCall would still have reason to pursue Safeco. We doubt that either Southern's or Safeco's responsibility can be finalized in this action because McCall is not a party, but independent of that, we think the lower court correctly sustained the demurrer because there is presently between plaintiff and Safeco no justiciable issue ripe for judicial pronouncement, because the possible issues are not sufficiently immediate and real to warrant action by the court. The courts generally decline to pronounce a declaration in a suit wherein the rights of the plaintiff are contingent upon the happening of some event which cannot be forecast and which may never take place. Plaintiff may lose the claim against McCall.

The Declaratory Judgment Act should be liberally construed and applied, especially where litigation will be prevented, but there is a limit beyond which the courts should not go. The effect of the plaintiff's request to the court is to ask it to determine which insurance company, if either, should pay a judgment when and if such should be obtained.

There are many cases reported where liability insurance companies and insured persons in automobile wreck cases have been permitted to use the Declaratory Judgment Act to determine whether coverage existed. Normally, these cases came into court after the insured had demanded that the insurer comply with the policy by, defending a law suit, and/or paying a judgment obtained and after the insurer

refused. In those cases obviously a controversy existed between the litigants at the time of the institution of the action. It has been considered the best practice, if not an absolutely necessary requirement, that the insured as well as the insurer and the injured party be before the court. *Pharr v. Canal Ins. Co.,* 233 S. C. 266, 104 S. E. (2d) 394 (1958).

Counsel for plaintiff argues, with some appeal, that an injured party should have as much right to ask the court to determine the validity of a tortfeasor's liability insurance policy as the insurer or the insured. We think the fallacy of this argument lies in the fact that the injured person is not a party to the contract and has, under the facts of this case, no primary standing to litigate a dispute between the insured and insurer until and unless he establishes liability against McCall. Before judgment is obtained on a tort claim, the standing of the parties to the policy and the standing of the injured party are greatly different.

We find little law on the point in the appellate court decisions, indicating a dearth of relevant litigation, but we think the case of *Hale v. Fireman's Fund Insurance Company et al.,* 209 Or. 99, 302 P. (2d) 1010 (1956), helpful. Much of the sound reasoning therein is applicable here.

The lower court correctly sustained the demurrer and is accordingly,

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.