0685

Portia Harriett JONES, Appellant v. Lewis E. GILSTRAP, Pickens County Treasurer, Respondent.

(343 S.E. (2d) 646)

Court of Appeals

*Stephen John Henry,* Greenville, *for appellant.*

*Harvey G. Sanders, Jr.*, and *Kenneth E. Young*, of *Leatherwood, Walker, Todd & Mann*, Greenville, *for respondent.*

Heard Feb. 25, 1986.

Decided April 21, 1986.

CURETON, Judge:

In this action the appellant Portia Harriett Jones (Jones) sued her former employer, the Pickens County Treasurer (Treasurer), for breach of her employment contract with the Treasurer and County.[1] The trial judge sustained the Treasurer's demurrer to her complaint. We affirm.

The issue raised on appeal is whether Jones states a cause of action in her complaint. In her first cause of action, Jones alleges she was an employee of the Treasurer's office with an expectation of continued employment; that a dispute arose between her and the Treasurer over the proper method of stamping tax notices; that she wrote a letter to the Treasurer suggesting a more efficient method; that she was fired because of the letter; and that her discharge constituted a breach of her employment agreement with the Treasurer because the county's handbook did not permit discharge for such conduct. The Treasurer's demurrer to this cause of action was sustained on the basis that the complaint showed Jones to be an employee-at-will who could be terminated at any time for any reason.

In Jones' second cause of action she avers that at the time she was fired, "she was speaking out on a matter of public concern by virtue of the letter." She further alleges the letter was "protected speech" under the federal and state constitutions, and moreover, her discharge violated both state and county employment policies. The trial judge sustained the Treasurer's demurrer to this cause of action on the basis that the matter alleged was of no concern to the public.

---

[1] Jones' complaint does not reflect whether or not the Treasurer is an elected official whose employees may challenge termination of their employment pursuant to Section 4-9-30(7), 1976 Code of Laws of South Carolina, or whether she is the usual county employee subject to all the policies of the county.

Pertaining to the breach of contract cause of action, we affirm the trial judge's holding that the complaint does not state a cause of action, but on a basis different from that found by the trial court. *See Westbury v. Bauer*, 284 S. C. 385, 326 S. E. (2d) 151 (1985); Supreme Court Rule 4, Section 8 (we may affirm based on any ground appearing in the record). While Jones alleges she had a contract of employment with the county, the scant allegations of her complaint touching upon such a contract are as follows: (1) she was a employee of the county at the time of her discharge and had an expectation of continued employment; (2) the "Pickens County Personnel Policy" was made a part of her employment agreement with the county and Treasurer; and (3) the county's handbook did not permit discharge for such conduct. Nowhere in the complaint are the pertinent provisions of the handbook or personnel policies set out. Moreover, the complaint does not incorporate these documents and they are not part of the record on appeal.

Viewing the complaint with the liberality required by law, the allegations regarding breach of contract clearly are conclusory only and are therefore demurrable. *See Stroud v. Riddle*, 260 S. C. 99, 194 S. E. (2d) 235 (1973). A demurrer admits facts well pleaded in a complaint but does not admit conclusions of law. *Carrington v. City of Spartanburg*, 283 S. C. 298, 322 S. E. (2d) 28, 29 (Ct. App. 1984). *overruled on other grounds*, 285 S. C. 243, 329 S. E. (2d) 741, 746 (1985). "[I]t is essential in setting forth a breach of contract, either that the substance of the instrument be averred in the pleading, or that the contract itself be set forth." 61A Am. Jur. (2d) *Pleading* Section 92 (1981).

We next consider Jones' claim that her first cause of action states a cause of action for a wrongful or retaliatory discharge. Specifically, Jones alleges that she was exercising her rights under the county's grievance procedures when she was fired. Citing Section 8-17-110, 1976 Code of Laws of South Carolina, she also alleges that to fire her for exercising such rights violates the public policy of this State. Having alleged at-will employment only, Jones may nonetheless recover for retaliatory discharge if her termination violates a clear mandate of public policy. *Lud-*

*wick v. This Minute of Carolina, Inc.*, 287 S. C. 219, 337 S. E. (2d) 213 (1985).

In deciding whether Jones has alleged that she was ▮ fired because she attempted to file a grievance against her employer, we note first that nowhere does Jones allege that Pickens County has adopted a grievance procedure in compliance with Section 8-17-120. Assuming the applicability of the public policy provisions of Section 8-17-110, Jones does not allege she has filed a grievance pursuant to the County's grievance procedures. As we read Section 4-9-30, her grievance would have had to be filed with the county's grievance committee (for regular county employees) or with county council (for employees of elected county officials). She has alleged no attempt to file a grievance with either body. We therefore hold that her complaint does not allege that she was fired because she filed a grievance pursuant to a county ordinance or state law. Her complaint simply alleges the filing of an internal complaint with her employer not a grievance against him.

Finally, Jones argues that her second cause of action ▮ ▮ alleges that she was retaliatorily discharged for exercising her constitutional right to speak out on matters of public concern. We agree with the trial judge that it is clear on the face of the complaint, which incorporates Jones' complaint letter, that the dispute she has with the Treasurer does not touch on matters of public concern.[2] "Statements

---

[2] Jones' letter to the Treasurer reads as follows:

Dear Sir:

The subject of monthly notices was discussed with you informally on January 28, 1982, and whose responsibility it is to get them out. You informed me that you are the boss and since the Treasurer's Office and Delinquent Tax Office are one you would choose whomever you wish. I asked you why I have to get four thousand-five hundred notices and stamp envelopes by myself since there were only four thousand-five hundred to do. The Treasurer's Office has six employees, whereas the Delinquent Tax Office has only two employees. This task takes me approximately three work days to complete, while still performing my normal duties.

I am aware that this task occurs every month. My concern is that it can be handled where all the personnel can help.

You expressed the importance of the positions in the Treasurer's Office, that each job has to be manned constantly and that the personnel in there cannot afford to be taken away from their job this long, however, one person has been absent from work for at least four

made by public employees in their employment capacity and not touching on matters of public concern may be considered unprotected [by the First Amendment] in the sense that employment-related sanctions may be imposed on the basis of such statements." *Bose Corp. v. Consumers Union of United States, Inc.*, 466 U. S. 485, 104 S. Ct. 1949, 1962 n. 22, 80 L. Ed. (2d) 502 (1984); citing *Connick v. Myers*, 461 U. S. 138, 103 S. Ct. 1684, 75 L. Ed. (2d) 708 (1983).

Accordingly, the order of the trial judge is

Affirmed.

GOOLSBY and LITTLEJOHN, JJ., concur.

*working days. You have not directed either one of the two people in the Delinquent Tax Office to assist in the Treasurer's Office. Now if the Treasurer's Office can function normally with one person out then why can't one person do monthly notices from that office or assist me and divide this task between us.*

*I would also like to say that I do not wish to cause a conflict between myself and anyone. I just want fair and equal treatment in doing a task that every one can help perform.*