22722

Richard A. CLARK, Respondent v. Beverly A. CLARK, Appellant.

(361 S. E. (2d) 328)

Supreme Court

*Richard E. Miley,* North Augusta, *for appellant.*

*John W. Harte,* Aiken, *for respondent.*

Heard March 23, 1987.

Decided May 26, 1987.

NESS, Chief Justice:

Wife appeals an order granting husband a divorce on the grounds of adultery and granting other relief. We affirm.

Wife operated an antique business with a male business partner. On the basis of an anonymous telephone call, husband employed a private investigator to document wife's activities. At approximately 7:30 a.m. one morning, husband and the private investigator entered the antique store and hid in a room upstairs. Several hours later, wife and her

partner entered the store, dragged a mattress into an upstairs room and closed and locked the door. Husband heard sounds through the door which he described as "love-making going-on." After approximately ten minutes, husband threw himself against the door, but had to kick the door a second time to knock it down. Wife and her partner were standing in the room, naked. Husband filed for divorce on the grounds of adultery the next day.

Wife asserts the trial judge erred in denying her motion to dismiss the complaint for failure to state a cause of action for divorce on the grounds of adultery. Husband's complaint alleged he was entitled to a divorce on the grounds of adultery, and alleged wife had engaged in "sexual activities" with her partner. Wife asserts the complaint did not state a cause of action for a divorce on the grounds of adultery because it alleged "sexual activities" instead of "sexual intercourse."

A complaint must contain a "short and plain statement of the facts showing that the pleader is entitled to relief." Rule 8(a)(2), SCRCP. This requires a litigant to plead the ultimate facts which will be proved at trial, not the evidence which will be used to prove those facts. *Stroud v. Riddle*, 260 S. C. 99, 194 S. E. (2d) 235 (1973); *see also, Moore v. City of Columbia*, 284 S. C. 278, 326 S. E. (2d) 157 (Ct. App. 1985). Wife argues there are many types of "sexual activities" which do not constitute adultery, therefore the complaint was insufficient.[1]

We interpret the term "sexual activity" to include the act of "sexual intercourse," although it may include other activities as well. *See, J. Y. v. D. A.*, 178 Ind. App. 238, 381 N. E. (2d) 1270 (1978) [terms "sexual intercourse" and "sexual relations" are deemed to be synonomous unless evidence shows otherwise]. The complaint, therefore, alleged sufficient facts to state a cause of action for divorce on the grounds of adultery.

Wife asserts error in the trial judge's refusal to permit her counsel to make a closing argument. We have held a family court judge may limit the length of arguments, but he may not preclude them entirely. *In the*

---

[1] Wife's argument is based upon her belief that only sexual intercourse, and not other types of sexual activity, will entitle the offended spouse to divorce on the grounds of adultery. That question has not been decided in South Carolina. *Doe v. Doe*, 286 S. C. 507, 334 S. E. (2d) 829 (Ct. App. 1985).

*Matter of Bazzle,* 276 S. C. 426, 279 S. E. (2d) 370 (1981). However, *Bazzle* was a juvenile case and our decision was based on the constitutional right of an accused to be fully heard in his defense. In the absence of a court rule granting a domestic litigant the right to make a closing argument, we hold the decision whether to permit closing arguments in domestic litigation is in the sound discretion of the trial judge. *See, Foreman v. Foreman,* 280 S. C. 461, 313 S. E. (2d) 312 (Ct. App. 1984).

Wife's remaining exceptions are without merit and are disposed of under Supreme Court Rule 23. The order of the trial judge is

Affirmed.

GREGORY, HARWELL and FINNEY, JJ., and BRUCE LITTLE-JOHN, Acting Associate Justice, concur.