550 S.E.2d 869

**Keith WATTS, Respondent,**

v.

**METRO SECURITY AGENCY, a/k/a Metro Security, Elite Ghana, a/k/a Sloans Incorporated, Blue Morocco Cocktail Lounge, Anne G. Pinson, Joseph King and Abraham Jeter, Defendants,**

**of which Anne Pinson is the, Appellant.**

**No. 3363.**

Court of Appeals of South Carolina.

Submitted June 4, 2001

Decided July 2, 2001

Rehearing Denied Aug. 22, 2001.

236

---

Clifford F. Gaddy, Jr., of Greenville;  and James C. Cothran, Jr., of Spartanburg, for appellant.

Fletcher N. Smith, Jr., of Greenville, for respondent.

GOOLSBY, Judge:

In this premises liability action, Anne Pinson appeals the denial of her motion to vacate a default judgment awarding Keith Watts $95,000.00 in actual and $5,000.00 in punitive damages. We affirm.[1]

## FACTUAL/PROCEDURAL BACKGROUND

Keith Watts filed this action alleging that on August 8, 1992, he was shot by Victor Maceo Riley on the premises of the Elite Ghana Lounge. Watts claimed the defendants, including Pinson, *inter alia* negligently failed to protect him and other customers from Riley; negligently served Riley alcohol while he was intoxicated; failed to employ competent security; failed to promptly summon police; and failed to immediately aid him after the shooting.

Watts served Pinson with the complaint on February 3; 1995. When Pinson failed to answer within thirty days, Watts filed an affidavit of default. On May 21 and 27, 1998, Watts's counsel hand-served Pinson with notice that a hearing to determine damages had been set for May 28, 1998.

Pinson went to the courthouse on the scheduled date to attend the damages hearing but left before it began. When Pinson arrived, she asked the clerk of court if she had to be present for the hearing. The clerk responded, "Well, no, you don't have to be here if you don't want to be here." Pinson then left.

At the hearing, Watts testified he went to the Elite Ghana nightclub with his cousin on August 8, 1992. Elite Ghana security later escorted Watts and his cousin from the club (apparently after an altercation). Within minutes, security broke up a confrontation involving Watts and his cousin outside the club. Security then "disappeared." Before Watts and his cousin could get to their car, Riley appeared and shot Watts in the right kneecap.

Watts missed two years from work, lost his car, and incurred medical bills of $20,000.00. Watts characterized the

---

1. Because oral argument would not aid the court in resolving the issues on appeal, we decided this case without oral argument pursuant to Rule 215, SCACR.

Elite Ghana as being in a "high crime" area and stated there had been prior shootings at the club. The court entered judgment against Pinson and one other defendant in favor of Watts for $95,000.00 in actual damages and $5,000.00 in punitive damages.

In a motion dated May 3, 1999, Pinson sought to set the judgment aside pursuant to Rule 60(b)(4), SCRCP, arguing the judgment was void due to improper service and lack of notice of the damages hearing.

On July 1, 1999, Pinson made a second motion to set aside the judgment, this time arguing the verdict was not supported by the evidence, the judgment constituted a fraud, and the complaint failed to state a cause of action. At the hearing, the two motions to set aside the judgment were consolidated into a single motion.

The trial court denied the motion.[2] Pinson appeals.

## LAW/ANALYSIS

Pinson argues that Watts's complaint fails to allege a cause of action upon which a judgment can be granted and, that as such, the default judgment against her should be set aside. We disagree.

■ The determination of whether Watts's complaint states a valid cause of action must be made solely upon the allegations set forth in the complaint.[3] The question is whether, in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief.[4]

---

**2.** The court noted Pinson did not make a timely motion for relief under Rule 55(c). Pinson did not make any motion until after the default judgment; therefore, Rule 55(c) is not applicable. *See Ricks v. Weinrauch,* 293 S.C. 372, 360 S.E.2d 535 (Ct.App.1987) (applying Rule 55(c) standard when party moved to set aside entry of default prior to default judgment).

**3.** *Gentry v. Yonce,* 337 S.C. 1, 522 S.E.2d 137 (1999); *Cowart v. Poore,* 337 S.C. 359, 523 S.E.2d 182 (Ct.App.1999).

**4.** *Washington v. Lexington County Jail,* 337 S.C. 400, 523 S.E.2d 204 (Ct.App.1999).

■ The elements for a cause of action in negligence are: 1) a duty of care owed to the plaintiff by the defendant; 2) a breach of that duty by some negligent act or omission; and 3) damage proximately resulting from that breach.[5] All three elements must be present or the cause of action will fail.[6]

■ We find the complaint was sufficient to state a cause of action against Pinson.[7] Watts's complaint alleged that Pinson, as an agent, servant, board member, or employee of the Elite Ghana,[8] owed a duty to Watts and negligently failed to prevent Riley from shooting Watts,[9] negligently failed to employ adequate security,[10] and negligently served Riley alcohol while he

---

5.  *Stevens v. Allen,* 342 S.C. 47, 536 S.E.2d 663 (2000).

6.  *Washington,* 337 S.C. at 405, 523 S.E.2d at 206.

7.  *See Parks v. Characters Night Club,* 345 S.C. 484, 548 S.E.2d 605 (Ct.App.) (stating if the place or character of a land owner's business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection); *see also Jeffords v. Lesesne,* 343 S.C. 656, 541 S.E.2d 847 (Ct.App.2000) (finding the place and the character of the business raised a factual issue concerning the reasonable foreseeability of criminal conduct of a third party and the necessity of taking reasonable precautions, such as providing security or a reasonably sufficient number of servants, to afford protection).

8.  Watts's complaint alleges in Paragraph 3:
    3) That Defendant Ann Pinson, Joseph King and Abraham Jeter are agents, servants, Board members, and employees of the Defendant business concerns [i.e., Metro Security, a/k/a Metro Security Agency, Elite Ghana Lounge, Sloans Incorporated and Blue Morocco Cocktail Lounge & Club, Inc.].

9.  Watts's complaint alleges in Paragraphs 6 and 7:
    6) That Defendants did or should have foreseen that the assault against the Plaintiff would occur because Victor Maceo Riley had been involved in similar altercations on Defendants' premises on prior occasions and has a reputation in the community for violent behavior, particularly when intoxicated.
    7) That Despite Defendants' notice of the danger that Victor Maceo Riley would commit an assault, Defendant negligently failed to adopt and enforce a policy of barring Victor Maceo Riley from the premises and negligently failed to remove Victor Maceo Riley from the premises when his behavior warranted such action on the date of the assault against Plaintiff.

10. Watts's complaint alleges in Paragraph 9:

was intoxicated and disorderly.[11] The complaint further stated that Pinson's negligence in these regards caused Watts's injury.[12]

Pinson maintains the complaint was insufficient because Watts failed to allege necessary facts such as: 1) why Watts was at the Elite Ghana; 2) how long he had been at the club prior to the shooting; 3) Watts was a customer; and 4) Pinson was the landlord. We disagree. "The purpose of a pleading is fair notice to the opponent and the court." [13] In this state, Rule 8, SCRCP, mandates that a pleading contain "ultimate facts" rather than "evidentiary facts" to state a cause of action.[14] "Ultimate facts fall somewhere between the verbosity of 'evidentiary facts' and the sparsity of 'legal conclusions.' " [15] The complaint here gave fair notice of Watts's claim, alleging as it did what we consider to be "ultimate facts."

**AFFIRMED.**

HEARN, C.J., and CONNOR, J., concur.

---

9) That Defendant negligently failed to employ competent security guards or "bouncers" who could have controlled Victor Maceo Riley and thereby prevented the assault.

**11.** Watts's complaint alleges in Paragraph 8:

8) That on the date of the assault, Defendants negligently served intoxicating liquor to Victor Maceo Riley when he was intoxicated, even though Defendants knew or should have known that doing so increased the danger that Victor Maceo Riley would act in a violent manner.

**12.** Watts's complaint alleges in Paragraph 12:

12) That the Plaintiff's injuries were the direct, proximate and foreseeable results of the carelessness, gross negligent, reckless, willful and wanton acts and/or omissions of the Defendants.

**13.** James F. Flanagan, *South Carolina Civil Procedure* 59 (2d ed.1996).

**14.** *Id.* at 658–659, 541 S.E.2d 847.

**15.** *Id.* at 659, 541 S.E.2d 847.