597 S.E.2d 881

RoTEC SERVICES, INC., Respondent,

v.

ENCOMPASS SERVICES, INC., Appellant.

No. 3807.

Court of Appeals of South Carolina.

Submitted April 6, 2004.
Decided June 1, 2004.

John E. Peterson, of Rock Hill, for Appellant.

Lucy London McDow, of Rock Hill, for Respondent.

HEARN, C.J.:

Rotec Services, Inc., brought this action against Encompass Services, Inc., asserting causes of action for breach of contract as well as tortious interference with existing and prospective contracts. Encompass counterclaimed, alleging breach of contract, breach of contract accompanied by a fraudulent act, and breach of the implied covenant of good faith and fair dealing. On Rotec's motion for partial summary judgment, the trial court dismissed Encompass's claims for breach of contract accompanied by a fraudulent act and breach of the implied covenant of good faith and fair dealing. The court also dismissed Encompass's defense of privilege. Encompass now appeals. We affirm.

## FACTS

Encompass is a specialized provider of welding services and equipment. In April 2000, Encompass and Rotec entered into a written contract under which Rotec agreed to be Encompass's independent sales representative in the Southeast. Encompass terminated the contract in December 2000.

Rotec brought this action in April 2001, claiming the parties had orally modified the contract to include payment of commissions on the revenues from leases and repairs of welding equipment. It alleged that Encompass had failed to pay any of the agreed-upon commissions.

Encompass's counterclaim alleged Rotec failed to perform under the contract and that Rotec's principal, Richard Repaire, made continuous fraudulent misrepresentations before and after the contract was executed. Specifically, Encompass alleged that Rotec falsely represented it had the necessary knowledge and experience to successfully market Encompass's welding services and equipment. Encompass claimed Rotec's performance was wholly contrary to those assurances. Encompass further alleged that Rotec had promised to cease its representation of one of Encompass's competitors, Turbine Consultants, Inc., and that Rotec had breached that promise while the contract was in effect.

## STANDARD OF REVIEW

A trial court should grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP; *see also Tupper v. Dorchester County*, 326 S.C. 318, 325, 487 S.E.2d 187, 191 (1997); *Wells v. City of Lynchburg*, 331 S.C. 296, 301, 501 S.E.2d 746, 749 (Ct.App.1998). In reviewing the grant of a summary judgment motion, this court applies the same standard which governs the trial court. *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 114–15, 410 S.E.2d 537, 545 (1991). "In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party." *Strother v. Lexington County Recreation Comm'n*, 332 S.C. 54, 61, 504 S.E.2d 117, 121 (1998).

## LAW/ANALYSIS

### I. Breach of Contract Accompanied by a Fraudulent Act

■ Encompass first argues the trial court erred by dismissing its claim for breach of contract accompanied by a fraudulent act. We disagree.

■■ To maintain an action for breach of contract accompanied by a fraudulent act, a plaintiff must prove three elements: "(1) a breach of contract; (2) fraudulent intent relating to the breaching of the contract and not merely to its making; and (3) a fraudulent act accompanying the breach." *Conner v. City of Forest Acres*, 348 S.C. 454, 465–66, 560 S.E.2d 606, 612 (2002). "Fraudulent act" is broadly defined as "any act characterized by dishonesty in fact or unfair dealing." *Id.* at 466, 560 S.E.2d at 612. Here, Encompass has failed to allege any facts which would tend to prove Rotec committed a fraudulent act accompanying its alleged breach of contract.

Encompass alleges that, prior to the execution of the contract, Rotec promised it would not represent Encompass's competitor, Turbine Consultants. Rotec acknowledged that it continued to represent Turbine Consultants during the time

its contract with Encompass was in force, but denied ever promising Encompass that it would cease representing Turbine Consultants. Encompass argues that it was "inferable" from Rotec's alleged promise that it intentionally concealed its continued representation of Turbine Consultants throughout the duration of its contract with Encompass.

Even when viewing the evidence in the light most favorable to Encompass, as we must, more is required than mere speculation. *See Strother,* 332 S.C. at 61, 504 S.E.2d at 121. Encompass has failed to raise any genuine issue of material fact to show that Rotec ever did anything to deny or hide its continuing work for Turbine Consultants. Indeed, the evidence contained in the record before us is to the contrary. Encompass's president, Richard Bryant, testified that the matter of Rotec's representation of Turbine Consultants was never discussed after the parties entered into the contract, and that he did not follow up on or ask Repaire to confirm that he had left Turbine Consultants. Encompass's sales manager, Richard Riley, testified that he never knew whether Rotec represented Turbine Consultant and Encompass at the same time.

Accordingly, we find there was no genuine issue of material fact as to whether Rotec's alleged breach of contract was accompanied by a fraudulent act. The trial court's dismissal of that claim was appropriate.

## II. Breach of Implied Covenant of Good Faith and Fair Dealing

Encompass next argues the trial court erred by granting summary judgment in favor of Rotec on its claim for breach of the implied covenant of good faith and fair dealing. Rotec asserts there is no separate cause of action for breach of this implied covenant because it is subsumed under the claim for breach of contract. We agree with Rotec.

Our courts have not addressed this precise question of whether an independent cause of action may be maintained for breach of the implied covenant of good faith and fair dealing. Our sister court in Georgia, however, has recently confronted this issue. In *Stuart Enters. Int'l, Inc. v. Peykan, Inc.,* 252 Ga.App. 231, 555 S.E.2d 881 (2001), the buyer of a business

sued the seller, asserting separate causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing. The Georgia Court of Appeals ruled that separate claims were not proper, opining that "[t]he implied covenant of good faith modifies, and becomes part of, the provisions of the contract itself. As such, the covenant is not independent of the contract." *Id.* at 884. The holding of the Georgia Court of Appeals is in accord with the law of other jurisdictions that have addressed this question. *See Baxter Healthcare Corp. v. O.R. Concepts, Inc.,* 69 F.3d 785, 792 (7th Cir.1995) (holding "under Illinois law the covenant of good faith and fair dealing is not an independent source of duties for the parties to a contract"); *Cambee's Furniture, Inc. v. Doughboy Recreational, Inc.,* 825 F.2d 167, 175 (8th Cir.1987) (holding the implied covenant of good faith and fair dealing does not state a claim distinct from the breach of contract claim); *Designers N. Carpet, Inc. v. Mohawk Indus., Inc.,* 153 F.Supp.2d 193, 196 (E.D.N.Y.2001) ("A claim for breach of an implied covenant of good faith and fair dealing does not provide a cause of action that is separate and different from a breach of contract claim. Rather, breach of that duty is merely a breach of the underlying contract." (internal citation omitted)).

Though South Carolina courts have not directly addressed this exact question, we do have precedent strongly suggesting there is no separate cause of action for the implied covenant of good faith and fair dealing. This court, in *Boddie–Noell Props., Inc. v. 42 Magnolia P'ship,* 344 S.C. 474, 485, 544 S.E.2d 279, 285 (Ct.App.2000), affirmed the trial court's decision to send the breach of contract claim to the jury, in part, for breaching the implied covenant of good faith and fair dealing. When appealed to the supreme court, the supreme court also treated the implied covenant of good faith as merely another term of the contract at issue, concluding that "[the defendant] breached the express provisions of the purchase agreement as well as the implied covenant of good faith and fair dealing." *Boddie–Noell Props., Inc. v. 42 Magnolia P'ship,* 352 S.C. 437, 444, 574 S.E.2d 726, 730 (2002). Similarly, in *Parker v. Byrd,* 309 S.C. 189, 194, 420 S.E.2d 850, 853 (1992), the supreme court found that the parties' express

agreement to act in good faith was merely a restatement of the covenant of good faith implied in every contract.

Therefore, we conclude that the implied covenant of good faith and fair dealing is not an independent cause of action separate from the claim for breach of contract. Accordingly, we find no error in the trial court's dismissal of this claim.

## III.  Dismissal of the Privilege Defense

Encompass next argues the trial court erred in striking its defense of privilege as insufficiently pled. We disagree.

Rule 8(b), SCRCP, requires that a defendant provide a statement "in short and plain terms [of] the facts constituting his defenses to each cause of action asserted." The Rule further mandates that a pleading contain "ultimate facts" rather than "evidentiary facts" to state a cause of action. *Watts v. Metro Sec. Agency,* 346 S.C. 235, 240, 550 S.E.2d 869, 871 (Ct.App.2001). "Ultimate facts fall somewhere between the verbosity of evidentiary facts and the sparsity of 'legal conclusions.'" *Id.* The trial court's decision to strike a defense as insufficiently pled will not be disturbed absent an abuse of discretion. *Slack v. James,* 356 S.C. 479, 482, 589 S.E.2d 772, 774 (Ct.App.2003).

In asserting the defense of privilege, Encompass's allegation in its answer reads in its entirety: "Defendant pleads the affirmative defense of privilege." This statement alone is purely a legal conclusion and clearly falls below the standard mandated by Rule 8. Therefore, we find no abuse of discretion in the trial court's striking this defense.[1]

### CONCLUSION

We find no error with the trial court's order granting summary judgment in favor of Rotec on Encompass's claims

---

1.  Though Rotec's motion was styled as one for "Partial Judgment on the Pleadings and for Partial Summary Judgment," the trial court dismissed all of the claims at issue in this appeal on grant of summary judgment alone. This discrepancy does not affect our analysis as insufficient pleading was also the only argument raised by Rotec on the privilege issue in its memorandum in support of the motion. It can be readily inferred, therefore, that the trial court ruled on this issue based on the arguments raised before it.

for breach of contract accompanied by a fraudulent act and breach of the implied covenant of good faith and fair dealing. Nor do we find the trial court abused its discretion in striking Encompass's defense of privilege. The trial court's order is therefore

**AFFIRMED.**

ANDERSON and BEATTY, JJ., concur.