**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Amanda and Michael Griggs, Appellants,

v.

Nationstar Mortgage, LLC, Respondent.

Appellate Case No. 2012-212660

Appeal From Darlington County
Brooks P. Goldsmith, Circuit Court Judge

Unpublished Opinion No. 2013-UP-277
Heard June 3, 2013 – Filed June 26, 2013

**REVERSED AND REMANDED**

Patrick J. McLaughlin, of Wukela Law Firm, of Florence, for Appellants.

John T. Lay, Jr., and Childs Cantey Thrasher, both of Gallivan, White & Boyd, PA, of Columbia, and Geremy Gregory and Christopher S. Anulewicz, both of Balch & Bingham, LLP, of Atlanta, Georgia, for Respondent.

**PER CURIAM:** Appellants Amanda and Michael Griggs appeal the circuit court's grant of Respondent Nationstar Mortgage, LLC's motion for judgment on

the pleadings pursuant to Rule 12(c), SCRCP.  We reverse and remand pursuant to Rule 220(b), SCACR, and the following authorities:  Rule 8(a), SCRCP ("A pleading which sets forth a cause of action, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain . . . a short and plain statement of the facts showing that the pleader is entitled to relief . . . ."); Rule 8(f), SCRCP ("All pleadings shall be so construed as to do substantial justice to all parties."); Rule 12(c), SCRCP ("After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."); *Solley v. Navy Fed. Credit Union, Inc*., 397 S.C. 192, 205, 723 S.E.2d 597, 604 (Ct. App. 2012) (noting the South Carolina Rules of Civil Procedure do not necessarily require the technical or restrictive requirements of Code Pleading); *Watts v. Metro Sec. Agency*, 346 S.C. 235, 240, 550 S.E.2d 869, 871 (Ct. App. 2001) ("The purpose of a pleading is fair notice to the opponent and the court."); *Overcash v. S.C. Elec. & Gas Co*., 364 S.C. 569, 572, 614 S.E.2d 619, 620 (2005) ("[P]leadings in a case should be construed liberally . . . ."); *Russell v. City of Columbia*, 305 S.C. 86, 89, 406 S.E.2d 338, 339 (1991) ("A judgment on the pleadings against the plaintiff is not proper if there is an issue of fact raised by the complaint which, if resolved in favor of the plaintiff, would entitle him to judgment."); *id*. ("[A] complaint is sufficient if it states any cause of action or it appears that the plaintiff is entitled to any relief whatsoever."); *Falk v. Sadler*, 341 S.C. 281, 286-87, 533 S.E.2d 350, 353 (Ct. App. 2000) ("When a fact is well pleaded, any inference of law or conclusions of fact that may properly arise therefrom are to be regarded as embraced in the averment." (quoting *Russell*, 305 S.C. at 89, 406 S.E.2d at 339)); *id*. at 287, 533 S.E.2d at 353 (noting our courts consider a judgment on the pleadings to be a drastic procedure); *id.* at 290, 533 S.E.2d at 354 (finding the trial court erred by granting judgment on the pleadings when the complaint contained several allegations which, if true, would entitle the plaintiff to a judgment if resolved in the favor of the plaintiff).[1]

**REVERSED AND REMANDED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**

---

[1] At this point in the proceedings, we find the grant of judgment on the pleadings premature.  In remanding for further proceedings, we make no determination on the merits of the Griggs' claims.  Our decision does not preclude a later determination that summary judgment or a directed verdict may be appropriate.