**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Alan Sheppard, Appellant,

v.

William O. Higgins, Russell Bennett, Ronald C. Owens, Charles P. Darby, Lynn McCants, and Kiawah Resort Associates, L.P., Defendants,

Of whom Russell Bennett, Ronald C. Owens, Charles P. Darby, Lynn McCants, and Kiawah Resort Associates, L.P., are the Respondents.

Appellate Case No. 2013-000407

———————————

Appeal From Charleston County
Stephanie P. McDonald, Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-387
Submitted September 1, 2014 – Filed November 5, 2014

———————————

**AFFIRMED**

———————————

Mark Weston Hardee, of The Hardee Law Firm, of Columbia, for Appellant.

Ellis Reed-Hill Lesemann, of Lesemann & Barks LLC, of Charleston, for Respondents Russell Bennett, Ronald

C. Owens, Charles P. Darby, and Kiawah Resort Associates, L.P.; and John Lynn McCants, of Mount Pleasant, pro se.

---

**PER CURIAM:**  Alan Sheppard appeals the trial court's order granting Respondents' motion for a judgment on the pleadings, arguing the trial court erred by finding his claims were barred by res judicata, release, and the statute of limitations.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to the trial court's order granting McCants's motion to dismiss: *First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (holding an issue is abandoned when an appellant fails to provide arguments or supporting authority addressing the issue).

2.  As to the trial court's order granting the remaining Respondents' motion to dismiss: Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal."); Rule 8(a), SCRCP ("A pleading which sets forth a cause of action . . . shall contain . . . a short and plain statement of the facts showing that the pleader is entitled to relief . . . ."); *Clark v. Clark*, 293 S.C. 415, 416, 361 S.E.2d 328, 328 (1987) (holding Rule 8(a), SCRCP, "requires a litigant to plead the ultimate facts which will be proved at trial"); *Jones v. Gilstrap*, 288 S.C. 525, 528, 343 S.E.2d 646, 648 (Ct. App. 1986) (providing conclusory allegations in a complaint are insufficient to survive a judgment on the pleadings).

**AFFIRMED.**[1]

**HUFF, SHORT, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.