**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Robin E. Otterbacher, Appellant,

v.

Jeremy and Tamara Snyder, individually and as guardians and parents of Blaze Kendall Snyder, Blaze Kendall Snyder individually, Selective Insurance Company of America, and Auto-Owners Insurance Company, Respondents.

Of whom Selective Insurance Company of America is the Respondent.

Appellate Case No. 2013-000821

———————

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-332
Submitted April 6, 2015 – Filed July 1, 2015

———————

**VACATED**

———————

Bradley Davis Hewett, Mike Kelly Law Group, LLC, of Columbia, for Appellant.

Andrew F. Lindemann, Davidson & Lindemann, PA, of Columbia, for Respondent Selective Insurance Company of America.

**FEW, C.J.:**  Robin E. Otterbacher was injured in an automobile accident and commenced this declaratory judgment action against the other driver's insurance company to determine whether the other driver is entitled to liability coverage. However, Otterbacher never established liability against the other driver.  We hold the circuit court should not have addressed the merits of Otterbacher's lawsuit against the insurance company because there is no justiciable controversy.  We vacate the circuit court's order.[1]

## I.      Facts and Procedural History

In November 2010, while driving on Interstate 20 in Richland County, Blaze Kendall Snyder struck Otterbacher's vehicle, causing her bodily injuries and property damage.  Blaze—the seventeen-year-old child of Jeremy and Tamara Snyder—was driving a pick-up truck owned by Jeremy's employer.

Jeremy and Tamara were insured under an automobile policy issued by Selective Insurance Company of America.  The Selective policy listed three vehicles owned by the Snyders as "covered vehicles," but not the truck involved in the collision. Otterbacher filed a claim with Selective for damages arising out of the accident. Selective denied coverage, relying on a policy provision excluding coverage for "[a]ny vehicle, other than 'your covered auto,' which is . . . [f]urnished or available for your regular use."  Selective asserted the vehicle involved in the accident was not a "covered auto," but instead was a company truck furnished or available for Jeremy's regular use in his employment.

Otterbacher then commenced this declaratory judgment action against Selective,[2] and both parties filed motions for summary judgment.  The circuit court granted

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] Auto-Owners Insurance Company insured the truck involved in the collision through a policy issued to Jeremy's employer.  Auto-Owners denied liability coverage because Blaze was not a permissive user of the truck.  Otterbacher named Auto-Owners as a defendant in this lawsuit, but the circuit court granted summary

summary judgment for Selective because it found the policy excluded coverage. Specifically, the court found the vehicle in question was "[a] company truck" that was "not listed as a 'covered auto' on the declaration pages of the Selective policy" and "was furnished for [Jeremy's] regular use."

Otterbacher appealed the circuit court's ruling. Before oral argument, this court requested Otterbacher file a memorandum addressing whether there is a justiciable controversy presented in the lawsuit. *See Auto-Owners Ins. Co. v. Rhodes*, 405 S.C. 584, 595, 748 S.E.2d 781, 787 (2013) ("[T]here must be a real or actual controversy between the litigants at the time of the institution of the [declaratory judgment] action." (citations omitted)); *Park v. Safeco Ins. Co. of Am.*, 251 S.C. 410, 413, 162 S.E.2d 709, 710 (1968) ("[N]o right to recover can accrue to plaintiff against [the] insurance company until and unless [the insured driver] becomes liable to pay."). Otterbacher conceded in her memorandum "there are no concrete issues existing between [the Snyders] and Respondent Selective as there has not yet been a determination of liability and damages in favor of [Otterbacher]."

## II.    Justiciability

We find the circuit court should not have reached the merits of this lawsuit because there is no justiciable controversy. *See Graham v. State Farm Mut. Auto. Ins. Co.*, 319 S.C. 69, 71, 459 S.E.2d 844, 845 (1995) ("To state a cause of action under the Declaratory Judgment Act, a party must demonstrate a justiciable controversy." (citation omitted)). Otterbacher has no contractual relationship with Selective. Selective's duties arising from the insurance policy are owed to its insureds—the Snyders—not to Otterbacher. Otterbacher has not obtained a judgment against the Snyders and thus never established their liability. Until Otterbacher obtains a judgment against a person insured under the Selective policy, or otherwise establishes liability of an insured, she cannot bring an action against Selective. *See Park*, 251 S.C. at 415, 162 S.E.2d at 711 ("[T]he injured person is not a party to the [insured driver's insurance] contract and has . . . no primary standing to litigate a dispute between the insured and insurer until and unless he establishes liability against [the insured driver]."); 251 S.C. at 413, 162 S.E.2d at 710 ("[N]o right to recover can accrue to plaintiff against [the] insurance company until and unless [an insured driver] becomes liable to pay.").

---

judgment for Auto-Owners. Because Otterbacher did not appeal this ruling, we do not address it.

We find the circuit court erred in reaching the merits of this case.  Instead, the court should have dismissed the lawsuit because it did not present a justiciable controversy.  We therefore **VACATE** the circuit court's order.

**HUFF and WILLIAMS, JJ., concur.**