**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ho Dong Lee, Appellant,

v.

Yong Wook Park and Sunny Kim Park, Respondents.

Appellate Case No. 2020-000029

———————

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

———————

Unpublished Opinion No. 2022-UP-088
Submitted January 24, 2022 – Filed March 2, 2022

———————

**AFFIRMED**

———————

Karen Marie DeJong, of DeJong Law Firm, LLC, of
Mount Pleasant, for Appellant.

Ellis R. Lesemann and Michelle A. Matthews, of
Lesemann & Associates, LLC, of Charleston, for
Respondents.

———————

**PER CURIAM:** Ho Dong Lee brought claims against Yong Wook Park and Sunny Kim Park for breach of contract, breach of contract accompanied by a fraudulent act, unjust enrichment, negligent misrepresentation, and breach of the covenant of good

faith and fair dealing.  The circuit court granted summary judgment in favor of the respondents on all claims.  Lee appeals that decision.

The parties were formerly partners in several restaurants.  In 2013, they agreed to divide their joint holdings as well as their shared debts.  Lee received one restaurant under the agreement.  The restaurant went into foreclosure not long after the division.

In this suit, he claims the 2013 division was one-sided and unfair.  The circuit court granted respondents a summary judgment.  We affirm.

Lee's breach of contract claims fail because he has not identified any way the respondents breached the 2013 agreement to divide their businesses.  His negligent misrepresentation claim fails because he admitted the respondents made no representations to him about the value of assets he would receive in the division and because he testified he did not read the 2013 division before signing it.  His claim for unjust enrichment fails because there is no room for such a claim when the parties have done nothing more than follow the written contract between them.  *See Adams v. G.J. Creel & Sons, Inc.*, 320 S.C. 274, 277, 465 S.E.2d 84, 85 (1995).  His claim for breach of the covenant of good faith and fair dealing fails because there is no such independent cause of action.  *See RoTec Servs., Inc. v. Encompass Servs., Inc.*, 359 S.C. 467, 473, 597 S.E.2d 881, 884 (Ct. App. 2004).

Lee repeatedly argues in his appellate briefs that he has a limited understanding of the English language.  While we acknowledge this argument, it has no bearing on the defects we identified above.

The circuit court instructed that a request for fees and costs could be filed within fifteen days of the order granting summary judgment.  We are told in the respondents' brief that the issue remains pending.  Thus, it is not before us.

We decline to address any other issues because the reasons given above are dispositive. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999).

**AFFIRMED.**[1]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.