**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Nicoletta Roselli, Appellant,

v.

Richard T. Osborne, Respondent.

Appellate Case No. 2019-001519

———————

Appeal From Greenville County
W. Marsh Robertson, Family Court Judge

———————

Unpublished Opinion No. 2022-UP-108
Submitted February 1, 2022 – Filed March 16, 2022

———————

**AFFIRMED**

———————

J. Falkner Wilkes and Paul Matthew Carruthers, Jr., both
of Greenville, for Appellant.

David Alan Wilson, of Wilson & Englebardt, LLC, of
Greenville, for Respondent.

———————

**PER CURIAM:** Nicoletta Roselli (Mother) appeals the family court's order finding her in contempt of court for violating the No Adverse Contact Order (NACO) between her and Richard T. Osborne (Father) and ordering her to pay $1,400 in attorney's fees. On appeal, Mother argues the family court (1) abused its discretion in denying her motion to dismiss Father's rule to show cause for failure

to allege specific facts or instances of conduct that violated the NACO; (2) erred in finding her in contempt because the provision of the order at issue was vague and uncertain; and (3) abused its discretion in awarding attorney's fees to Father. We affirm pursuant to Rule 220(b), SCACR.

1. The family court did not abuse its discretion in denying Mother's motion to dismiss. Father's motion and supporting affidavit for the rule to show cause specifically identified the NACO as the order Mother allegedly violated and stated she had done so by "sending adverse written communications" to Father. *See Stoney v. Stoney*, 425 S.C. 47, 62, 819 S.E.2d 201, 209 (Ct. App. 2018) (explaining appellate courts will review "a family court's evidentiary or procedural rulings . . . using an abuse of discretion standard" (quoting *Stoney v. Stoney*, 422 S.C. 593, 595 n.2, 813 S.E.2d 486, 487 n. 2 (2018))); Rule 14(c), SCRFC ("No rule to show cause shall be issued unless based upon and supported by an affidavit or verified petition . . . . The supporting affidavit or verified petition shall identify the court order . . . which the responding party has allegedly violated, the specific act(s) or omission(s) which constitute contempt, and the specific relief which the moving party is seeking."); *Clark v. Clark*, 293 S.C. 415, 416, 361 S.E.2d 328, 328 (1987) ("A complaint must contain a 'short and plain statement of the facts showing that the pleader is entitled to relief.'" (quoting Rule 8(a)(2), SCRCP)); *id.* ("This requires a litigant to plead the ultimate facts which will be proved at trial, not the evidence which will be used to prove those facts."). Moreover, Mother's motion to dismiss—which she filed the day of the hearing—was untimely. *See* Rule 6(d), SCRCP ("A written motion other than one which may be heard ex parte . . . shall be served not later than ten days before the time specified for the hearing, unless a different period is fixed by these rules or by an order of the court.").

2. Mother's argument that the family court erred in finding her in contempt because the NACO's terms were too vague to be enforceable is not preserved for appellate review. *See Herron v. Century BMW*, 395 S.C. 461, 465, 719 S.E.2d 640, 642 (2011) ("It is 'axiomatic that an issue cannot be raised for the first time on appeal.'" (quoting *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998))); *id.* ("Constitutional arguments are no exception to the preservation rules, and if not raised to the trial court, the issues are deemed waived on appeal.").

3. The family court did not err in ordering Mother to pay a portion of Father's attorney's fees. Father offered uncontroverted testimony he incurred $2,225 in attorney's fees in successfully pursuing the contempt action. *See Stone v. Thompson*, 428 S.C. 79, 92, 833 S.E.2d 266, 272 (2019) (explaining appellate courts review a family court's award of attorney's fees de novo); *Whetstone v.*

*Whetstone*, 309 S.C. 227, 235, 420 S.E.2d 877, 881 (Ct. App. 1992) ("Compensatory contempt is money awarded to a party who is injured by a contemnor's action to restore the party to his original position.").

**AFFIRMED.**[1]

**THOMAS and GEATHERS, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.