**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kierra Johnson, Appellant,

v.

Greenville County, Greater Greenville Sanitation District, the South Carolina Department of Transportation, American Southern Insurance Company, and the State Fiscal Accountability Authority, Defendants,

of which American Southern Insurance Company is the Respondent.

Appellate Case No. 2020-001144

_____

Appeal From Greenville County
Perry H. Gravely, Circuit Court Judge

_____

Unpublished Opinion No. 2022-UP-398
Submitted October 1, 2022 – Filed November 2, 2022

_____

**AFFIRMED**

_____

Helena LeeAnn Jedziniak and Joshua Thomas Hawkins, both of Hawkins & Jedziniak, LLC, of Greenville, for Appellant.

James Miller Davis, Jr. and Andrew F. Lindemann, both of Lindemann & Davis, P.A., of Columbia, for Respondent.

_____

**PER CURIAM:**  Kierra Johnson appeals the circuit court's dismissal of her claims for negligence and abuse of process against American Southern Insurance Company (American), a third-party insurer.  On appeal she argues the circuit court erred in granting American's motion to dismiss because (1) she stated a valid cause of action for negligence; (2) she stated a valid cause of action for abuse of process; and (3) the plain language of the South Carolina Claims Practices Act[1] provides a cause of action for third parties.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the circuit court did not err in granting American's motion to dismiss Johnson's negligence claim because South Carolina law does not allow a tort claimant to bring a direct action against a third-party insurer.  *See Ashley River Props. I, LLC v. Ashley River Props. II, LLC*, 374 S.C. 271, 277, 648 S.E.2d 295, 298 (Ct. App. 2007) ("Under Rule 12(b)(6), SCRCP, a defendant may move for dismissal based on a failure to state facts sufficient to constitute a cause of action."); *id.* at 278, 648 S.E.2d at 298 ("In deciding whether the trial court properly granted the motion to dismiss, [the appellate] court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief."); *Kennedy v. Henderson*, 289 S.C. 393, 397, 346 S.E.2d 526, 528 (1986) ("Under the laws of South Carolina, no cause of action exists against an insurer for negligence in failing to determine coverage or adjust a third-party claim against the insured under an insurance policy."); *Masterclean, Inc. v. Star Ins. Co.*, 347 S.C. 405, 415, 556 S.E.2d 371, 377 (2001) ("South Carolina does not recognize a third-party action for bad faith refusal to pay insurance benefits."); *Park v. Safeco Ins. Co. of Am.*, 251 S.C. 410, 415, 162 S.E.2d 709, 711 (1968) (stating a plaintiff is not a party to the tortfeasor's liability insurance policy and has "no primary standing to litigate a dispute between the insured [tortfeasor] and insurer until and unless [the plaintiff] establishes liability against the [tortfeasor]"); *id.* ("Before judgment is obtained on a tort claim, the standing of the parties to the policy and the standing of the injured party are greatly different."); *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[A]n unappealed ruling, right or wrong, is the law of the case.").

_____

[1] S.C. Code Ann. §§ 38-59-10 to -50 (2015).

2.  We hold the circuit court did not err in granting American's motion to dismiss Johnson's abuse of process claim because Johnson's allegations to support this claim were conclusory and did not include ultimate facts that American engaged in an activity or procedure attendant to litigation.  *See Clark v. Clark*, 293 S.C. 415, 416, 361 S.E.2d 328, 328 (1987) ("A complaint must contain a 'short and plain statement of the facts showing that the pleader is entitled to relief.'" (quoting Rule 8(a)(2), SCRCP)); *id.* ("This requires a litigant to plead the ultimate facts which will be proved at trial, not the evidence which will be used to prove those facts."); *RoTec Servs., Inc. v. Encompass Servs., Inc.*, 359 S.C. 467, 473, 597 S.E.2d 881, 884 (Ct. App. 2004) ("Ultimate facts fall somewhere between the verbosity of evidentiary facts and the sparsity of 'legal conclusions.'" (quoting *Watts v. Metro Sec. Agency*, 346 S.C. 235, 240, 550 S.E.2d 869, 871 (Ct. App. 2001))); *Pallares v. Seinar*, 407 S.C. 359, 370, 756 S.E.2d 128, 133 (2014) ("The essential elements of abuse of process are (1) an ulterior purpose, and (2) a willful act in the use of the process that is not proper in the regular conduct of the proceeding."); *Food Lion, Inc. v. United Food & Com. Workers Int'l Union*, 351 S.C. 65, 70, 567 S.E.2d 251, 253 (Ct. App. 2002) ("To sustain a claim for abuse of process, it is axiomatic that 'the judicial process must in some manner be involved.'" (quoting W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 121 at 898 (5th ed. 1984))); *id.* ("'[P]rocess,' as it pertains to the abuse of process tort, embraces the full range of activities and procedures attendant to litigation."); *id.* at 71, 567 S.E.2d at 253 ("An ulterior purpose exists if the process is used to gain an objective not legitimate in the use of the process." (quoting *First Union Mortgage Corp. v. Thomas*, 317 S.C. 63, 74, 451 S.E.2d 907, 914 (Ct. App. 1994))).

3.  We hold the circuit court did not err in finding the South Carolina Claims Practices Act does not provide Johnson with a private right of action.  *See Masterclean, Inc.*, 347 S.C. at 415, 556 S.E.2d at 377 ("The Claims Practice[s] Act provides relief for a third-party victim of an improper claims practice."); *id.* ("This relief is important because South Carolina does not recognize a third-party action for bad faith refusal to pay insurance benefits."); *id.* ("Third parties do not have a private right of action under . . . [section] 38-59-20."); *id.* ("Instead, third parties are entitled to administrative review before the Chief Insurance Commissioner.").

**AFFIRMED.**[2]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.