**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The Pointes of Plantation Pointe Owners Association, Inc., Appellant,

v.

Michael D. Lucas and Angelita R. Lucas, Respondents.

Appellate Case No. 2025-001400

―――――――――

Appeal From Newberry County
Frank R. Addy, Jr., Circuit Court Judge

―――――――――

Unpublished Opinion No. 2026-UP-255
Submitted April 1, 2026 – Filed May 27, 2026

―――――――――

**AFFIRMED**

―――――――――

William E. Booth, III, of Booth Law Firm, LLC, of West Columbia, for Appellant.

Kathleen McColl McDaniel, of Burnette Shutt & McDaniel, PA, of Columbia, for Respondents.

―――――――――

**PER CURIAM:** The Pointes of Plantation Pointe Owners Association, Inc. (PPPOA) appeals the circuit court's grant of summary judgment in favor of Michael D. Lucas and Angelita R. Lucas (collectively, Respondents). On appeal, PPPOA argues the circuit court erred when it granted summary judgment because

it (1) determined the concrete pad at issue was not a "structure" subject to PPPOA approval; (2) found PPPOA failed to plead a specific covenant violation despite referencing the governing documents; (3) dismissed PPPOA's claim for injunctive relief based on its interpretation of the governing documents; and (4) failed to consider material factual disputes regarding the expiration of prior approvals and the proximity of the pad to the property line. We affirm pursuant to Rule 220(b), SCACR.

Viewing the evidence in the light most favorable to PPPOA, we hold the circuit court did not err in granting summary judgment in favor of Respondents because the record does not contain a genuine issue of material fact as to whether Respondents breached the restrictive covenants recorded between 1989 and 1999. *See Matsell v. Crowfield Plantation Cmty. Servs. Ass'n*, 393 S.C. 65, 70, 710 S.E.2d 90, 93 (Ct. App. 2011) ("When reviewing the grant of a summary judgment motion, this court applies the same standard that governs the trial court under Rule 56(c), [of the South Carolina Rules of Civil Procedure]; summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *id.* ("In determining whether a genuine issue of fact exists, the evidence and all reasonable inferences drawn from it must be viewed in the light most favorable to the nonmoving party."); *Jones v. Gilstrap*, 288 S.C. 525, 528, 343 S.E.2d 646, 648 (Ct. App. 1986) ("[I]t is essential in setting forth a breach of contract, either that the substance of the instrument be averred in the pleading, or that the contract itself be set forth." (alteration in original) (quoting 61A Am. Jur. 2d *Pleading* § 92 (1981))).

Because this issue is dispositive, we decline to address PPPOA's remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (finding an appellate court need not address remaining issues when the decision of a prior issue is dispositive).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.