15707

ATKINS v. CHARLESTON SHIPBUILDING & DRYDOCK COMPANY *ET AL.*

(33 S. E. (2d), 46)

64

*Messrs. Herbert & Dial,* of Columbia, S. C., Counsel for Appellants,

*Mr. Henry E. Edens,* of Columbia, S. C., Counsel for Respondent,

January 31, 1945.

MR. CHIEF JUSTICE BAKER delivered the unanimous Opinion of the Court:

The respondent sustained an injury while in the employ of the Charleston Shipbuilding & Drydock Company, one of the appellants herein, on or about the 6th day of October, 1942, and thereafter made claim to the Industrial Commission and on the 23d day of February, 1943, was awarded by agreement compensation in the sum of $25.00 per week, which was paid for 31 3/7 weeks, in the total sum of $785-.70 through the 16th day of May, 1943, at which time the attending physician certified that claimant was able to return to work on the 17th day of May, 1943, with twenty per cent. permanent partial disability rating.

Claim for compensation for permanent disability was filed and was pending for hearing before Commissioner Hyatt when settlement was agreed upon in the total additional sum of $2,100.00 in full settlement of all claims which settlement was approved by the award of Commissioner Hyatt. This settlement was approved on the basis that there was a twenty per cent. permanent partial disability and disfigurement and three commissioners approved the payment in a lump sum.

Thereafter the claimant made claim on the 1st day of October, 1943, and asked that a hearing be set for the purpose of determining whether or not there had been a change

of condition. The appellants opposed any further hearing on the ground that there had been a full and final settlement of the entire matter.

On the 13th day of December, 1943, Commissioner Hyatt rendered an award finding a change of condition for the worse and ordered that the appellants send the claimant to Dr. Austin T. Moore for examination including hospitalization, and further that appellants pay claimant compensation for temporary total disability from the date he last became totally disabled prior to his release by his employer on account of his alleged disability until he is released by a competent physician.

Application for review by the Full Commission was made on the ground in effect that the settlement of June 22, 1943, was final and conclusive in the matter. The Full Commission sustained the Hearing Commission by award of February 8, 1944. An appeal was made to the Court of Common Pleas for Richland County and Judge Bellinger, by order dated June 13, 1944, affirmed the decision of the Full Commission.

The first question raised by the appeal is whether the agreement and release of June 22, 1943, approved by the Commission, precludes claimant (respondent) from receiving further compensation on account of an alleged changed physical condition.

The agreement of settlement sets forth the respondent's compensable rate; the number of weeks of temporary total disability paid; the making of claim by him for general partial disability and for disfigurement; the contention of the employer and insurance carrier (appellants) that his injuries did not result in permanent disability or disfigurement, and the fact that the matter was at issue before the Commission on these contentions. It provides that, in consideration of the foregoing, the employer agreed to pay $2,100.00 "in full settlement and satisfaction of all claims and demands for

compensation past, present and future" and that "the employee hereby releases and forever discharges the employer and/or carrier herein named of and from any and all claims, demands, causes and/or causes of action of any nature for compensation for any and all types of disability and all disfigurement past, present and future arising out of or in any way connected with the accidental injury in question."

Attached to the agreement is a stipulation signed by the attorneys for claimant, and employer and carrier, and approved by three of the five Commissioners, as follows:

"It is understood and agreed by and between counsel for the claimant and counsel for the defendants that of the Twenty-one Hundred ($2,100.00) Dollars set forth above, Thirteen Hundred Forty ($1,340.00) Dollars thereof represents compensation for twenty percent permanent partial disability after deductions have been made for payments made while the claimant was temporarily totally disabled as the result of his accident, the sum of Thirteen Hundred Forty ($1,340.00) Dollars being paid in a lump sum without commutation and the balance in the amount of Seven Hundred Sixty ($760.00) Dollars being paid out for disfigurement compensation.

"The basis for the twenty percent permanent partial disability is set out in the report of Dr. A. T. Moore, the attending physician, which is of record in the case.

"The above agreement being subject to the limitations and conditions set out in the Workmen's Compensation Act."

Except for the last paragraph of the foregoing stipulation, there would be no question that the intent of the settlement was to make it final and conclusive, and not subject to review, because the release specifically covers all types of disability, past, present and future resulting from the accidental injury. The last paragraph of the stipulation, however, provides that the agreement or

release was subject "to the limitations and conditions set out in the Workmen's Compensation Act." It is difficult to see how this could mean anything, if it did not mean that the whole agreement was subject to review on change of condition, as provided by Section 7035-49, 1942 Code, which is Section 46 of the Workmen's Compensation Act. This seeming ambiguity is not commented upon in the record, and there is no testimony as to any understanding and agreement, apart from the written instruments, as to what the parties intented with regard to the possibility of a changed condition. Such being the case, we must reach the conclusion that the agreement was subject to the provisions of Section 46 of the Workmen's Compensation Act, and does not constitute a bar to application and relief under that section.

It is proper to comment, in this connection, upon that ■ portion of Judge Bellinger's order which expresses the opinion that the Industrial Commission does not have the power, under the Workmen's Compensation Act, to approve a lump sum settlement to once and for all time settle the rights of the parties without regard to present statute providing for review on change of condition. Subject to the conditions in Sections 7035-20 and 59, Code of 1942 (Sections 18 and 56 of the Compensation Act), we are of the opinion that the Industrial Commission does have the power to approve such a settlement, and make it final and binding and not subject to review under any conditions.

The question is raised that the award of June 22, ■ 1943 was *res judicata* of the claim for review under Section 46 of the Compensation Act. An ordinary award of the Industrial Commission is not a final judgment in the sense that term is used with reference to a judgment of a Court, because under the provisions of Section 46, such awards are reviewable at any time on the ground of change of condition, subject to the limitation

that no such review shall be made after twelve months from date of last payment of compensation. This is, however, a different question from the validity and finality of a settlement fairly entered into and approved by the Commission, including a release of future claims and demands, which we regard to be valid and enforceable. Except for the limitation placed upon the finality of this settlement, in the stipulation of counsel heretofore adverted to, we would hold the respondent to be estopped from recovering further compensation for the injuries mentioned.

The authorities cited in the briefs of counsel do not in any large measure assist in the determination of the questions involved in this case, because of the dissimilarity of the facts upon which the decisions were based; and a detailed consideration of them would serve no useful purpose.

A practical and legal question arises in this case as to the right of the respondent (claimant) to receive payments of additional compensation for temporary total disability until the amount received by him under the settlement (exclusive of course of the amount paid for disfigurement) has been absorbed; that is to say, if he was entitled to a review on account of change of condition, which was found, and is herein being affirmed, and has the new status of temporary total disability, it would seem that he could not actually receive further sums of money until the amount received in the settlement, applied to temporary total disability, or a fixed and increased permanent partial disability, which may hereafter be fixed following medical treatment and surgery, has been absorbed out of the portion of the settlement representing permanent partial disability heretofore allowed.

The last question relates to the sufficiency of the showing of a change of condition.

Section 46 of the Act provides that the Industrial Commission may review an award "on the ground of a change of

condition." The showing on behalf of the respondent as to change in condition is meagre. Dr. Moore merely testified that, as a result of examination made subsequent to the settlement, he thought the claimant's condition was worse than at the time of his twenty per cent. rating. Respondent, however, testified that the injured hip bothered him at all times; that he was unable to walk for more than a mile without the leg giving away; that he was unable to work, and that it was necessary on occasions for his wife to straighten out his leg on the bed. The testimony, if there was any, on the previous hearing as to respondent's condition at that time, is not included in the record. Since there was some testimony upon which to base a finding of change of condition, this Court is bound by the finding of this fact by the Commission.

Affirmed.

MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES, TAYLOR and OXNER concur.