21894
PEE DEE ELECTRIC COOPERATIVE, INC., Appellant, v.
CAROLINA POWER AND LIGHT COMPANY, Respondent.
(301 S.E. (2d) 761)

*Robert L. Kilgo, Jr.*, Darlington, and *William T. Crisp*, Raleigh, N. C., *for appellant.*

*Benny R. Greer*, Darlington, *for respondent.*

April 5, 1983.

HARWELL, Justice:

Appellant initiated this declaratory judgment action to ascertain the constitutionality of S. C. Code Ann. § 58-27-620(2)(4) (1976). The circuit court dismissed the case for lack of a justiciable controversy. We affirm.

Both appellant and respondent furnish electricity in Florence County, appellant as an electric *cooperative* corporation and respondent as an electric *utility* corporation. Pursuant to S. C. Code Ann. § 58-27-640, the Public Service Commission assigned some Florence territory to appellant and some to the respondent. The Hanes Corporation, through its L'eggs Products Division, started construction on an industrial plant in respondent's assigned territory. The plant's projected connected electric service load was in excess of 750 kilowatts. Although the proposed plant was within respondent's assigned territory, appellant submitted a proposal for furnishing electric service. Subsequently, respondent informed the plant officials that it was within its assigned territory. As a result, the plant contracted with respondent for its services. Thereafter, appellant initiated this declaratory judgment action pursuant to S. C. Code Ann. § 15-53-10, et seq. (1976).

Appellant challenges the constitutionality of S. C. Code Ann. § 58-27-620(2). The statute provides that an industrial customer which has a connected load of at least 750 kilowatts and which is located wholly within 300 feet of the lines of, or wholly within an area assigned to an electric cooperative may choose to be served by an electric utility.

Appellant admits that the L'eggs plant is located in respondent's territory. Nevertheless, it alleges that the statute should not be construed to prohibit it from contracting to provide electric service to the plant because respondent could serve L'eggs according to the statute if the plant were located in territory assigned to it.

We agree with the circuit court that there is no justiciable controversy. The court may refuse to render a declaratory judgment when the judgment would not terminate the uncertainty or controversy giving rise to the proceeding. S. C. Code Ann. § 15-53-70 (1976). Even if the court had declared the questioned statute unconstitutional, appellant's position would not change. S. C. Code Ann. § 58-27-620(2) does not govern the present issue because the L'eggs plant is within respondent's assigned territory. That statute would apply only if the L'eggs plant were in *appellant's* assigned territory.

Before a court may render a declaratory judgment, an ■ actual, justiciable controversy must exist. A justiciable controversy is a real and substantial controversy which is ripe and appropriate for judicial determination, as distinguished from a contingent, hypothetical or abstract dispute. *Orr v. Clyburn*, S. C., 290 S. E. (2d) 804 (1982). Under the present set of facts, an adjudication of the questioned statute's constitutionality would settle no legal rights of the parties. It would be advisory only, and, therefore, beyond the intended purpose and scope of a declaratory judgment.

Accordingly, we affirm the trial court's dismissal of this action.

Lewis, C. J., and Littlejohn, Ness and Gregory, JJ., concur.