22262

James CHAVIS and Lucille Chavis, Respondents, v. Geraldine WITT, Appellant.

(328 S. E. (2d) 74)

Supreme Court

*Bernard McIntyre, Moss, Bailey & Dore,* Beaufort, *for appellant.*

*William S. Kemp, Early & Kemp,* Bamberg, *for respondents.*

Heard Feb. 19, 1985.

Decided March 20, 1985.

LITTLEJOHN, Chief Justice:

In this action, the plaintiffs-respondents James and Lucille Chavis (grandparents) seek visitation rights with their granddaughter, Natasha, the child of their deceased son. The child's father died in June 1978, when she was about eleven months old. Appellant, Geraldine (Chavis) Witt, mother, was not living with father of the child at the time of his death. The mother later married and discontinued her friendly relationship with the grandparents. The mother's new husband, Raymond Witt, adopted the child shortly after their marriage. The trial judge granted reasonable visitation rights to the grandparents. We affirm.

The mother, in opposing visitation rights with the grandparents, argues that they lack standing to bring this action because their status as grandparents was extinguished by our statute when the child was adopted by the new husband of the mother. We refuse to interpret the statute so broadly.

The adoption statute, § 20-7-1770 South Carolina Code of Laws, Annot. (1976), provides in part:

> After the final decree of adoption is entered, the relation of parent and child and all the rights, duties and other legal consequences of the natural relation of child and parent shall thereafter exist between such adopted child and the person adopting such child and the kindred of the adoptive parents.

In most adoption cases, parental ties have been severed either 1) by the consent of the natural parent or parents or 2) because the state has terminated parental rights under established principles of law. Here, the father has not consented to termination of parental rights, nor have such rights been terminated except through death. In many adoption cases, the natural parents of the child are purposefully secreted; in such instances, obviously neither the natural parents nor the natural grandparents have any visitation rights. In like fashion, when the court terminates parental rights, grandparents would have no rights of visitation.

The extent of our ruling is to hold that when a parent dies, the relationship of the grandparents to the child of the deceased person is not obliterated. The adoption statute does not preclude the granting of visitation rights to grandparents when their son or daughter has not consented to adoption.

The mother argues that the grandparents may not seek visitation rights in the Family Court because no issue relative to custody or support is pending. While it is true that the Legislature spelled out the visitation rights of grandparents in the divorce statute, we do not think it is necessary for a divorce or child custody or child support issue to be momentarily pending to confer jurisdiction. It is clear that the Legislature granted to Family Court judges exclusive

discretionary power to grant to grandparents visitation rights. Section 20-7-420 South Carolina Code of Laws (1976) as amended. The Family Court is the logical place for these determinations.

The best interest of the child is always paramount, and the Family Court Judge found that the best interests of this child would be served by allowing her to visit with the grandparents. We find no abuse.

Affirmed.

NESS, HARWELL and CHANDLER, JJ., concur.

GEORGE T. GREGORY, JR., Acting Associate Justice, concurs in result.