23263

Walter C. BROWN, Betty T. Brown and Greg C. Brown, Respondents v. Sandra Brown EARNHARDT, Petitioner.

(396 S.E. (2d) 358)

Supreme Court

*Richard H. Rhodes* of *Burts, Turner, Hammett, Harrison & Rhodes,* Spartanburg, *for petitioner.*

*Roger L. Couch,* Spartanburg, *for respondents.*

Heard Dec. 8, 1989.

Decided Sept. 17, 1990.

FINNEY, Justice:

Respondents Walter C. Brown and Betty T. Brown commenced this action seeking specific visitation periods with their paternal granddaughter, Holly Brown. Holly's father, respondent Greg C. Brown, joined in his parents' petition. The family court awarded the grandparents visitation rights to be exercised once per month from 6:00 P.M. on Friday until 2:00 P.M. Saturday. The custodial parent, petitioner Sandra Brown Earnhardt, appealed and the Court of Appeals affirmed. This Court granted petitioner a writ of certiorari. *See Brown v. Earnhardt,* 297 S.C. 7, 374 S.E. (2d) 513 (Ct. App. 1988), *cert. granted,* 298 S.C. 74, 378 S.E. (2d) 261 (1989). We now reverse.

Petitioner contends the Court of Appeals construed the holding of *Chavis v. Witt,* 285 S.C. 77, 328 S.E. (2d) 74 (1985), too broadly and upheld a visitation scheme counter to the best interests of the child. We agree.

The Court of Appeals reasoned: "[W]e read *Chavis* as holding that the question of whether to award grandparents visitation rights is a question committed to the family court's sound discretion and is to be determined by the child's best interest." *Brown v. Earnhardt,* 374 S.E. (2d) at 514.

In *Chavis,* the child's natural father died, the mother remarried, and the child was adopted by its stepfather. The child's mother opposed visitation rights for the deceased fathers' parents. The Court, in construing S.C. Code Ann. § 20-7-1770 (1976), refused to allow obliteration of the grandparents' relationship to their grandchild solely because of the adoption. This Court expressly limited its holding by stating:

> *The extent of our ruling* is to hold that when a parent dies, the relationship of the grandparents to the child of the deceased person is not obliterated. The adoption statute does not preclude the granting of visitation rights to the grandparents when their son or daughter has not consented to the adoption.

Chavis, 328 S.E. (2d) at 75. (Emphasis added.)

This case is readily distinguishable. First, following the divorce of the child's parents, the father maintained strong parental ties with the child. Second, the father was awarded visitation every other weekend from Friday through Sunday, every other Monday night, two weeks during the summer and on various holidays. Third, the record is replete with testimony that the grandparents see the child on visits with her father. Specifically, the grandfather testified that he and his wife see the child "every other weekend I'd say at least, and sometimes on Monday nights between. At least *every other week.*" He further testified that Holly stayed overnight in their home on holidays and during the summer when Holly's father exercises his visitation rights. The record before us evinces no actual or threatened obliteration of the relationship between Holly and her grandparents due to the absence of court-ordered visitation.

We quote with approval the reasoning of the superior Court of New Jersey, Chancery Division, which determined:

[I]t would seldom, if ever, be in the best interests of the

child to grant visitation rights to the grandparents when their child, the parent, has such rights.

. . . [V]isitation by grandparents should be derivative; otherwise the child might have four, or even six people competing for his company: father, mother, paternal grandparents and maternal grandparents.

*In the Matter of Adoption of a Child by M.*, 140 N.J. Super. 91, 355 A. (2d) 211, 213 (1976).

As a basis for its ruling, the Court of Appeals cites the close relationship between the child and her grandparents, maintenance of the bond after the parent's divorce, the unfairness of discontinuing the special relationship, and the stabilizing influence provided by the grandparents.

The bond of love and affection existing between grandparents and a child does not, in and of itself, justify carving out of the custody and visitation rights of the natural parents another visitation right and vesting it in the grandparents. *See Chodzko v. Chodzko*, 66 Ill. (2d) 28, 4 Ill. Dec. 313, 360 N.E. (2d) 60 (1976). Moreover, there is no evidence in this record that the grandparents would be unable to continue providing a "stabilizing influence" to the child's life without court-ordered visitation.

The Court of Appeals reasoned that the visitation rights of grandparents stand on their own and should be viewed separately from such rights awarded the parents. We are cognizant of the positive value of a close relationship between grandparents and their grandchildren as well as evolving consideration accorded grandparents with respect to custody and visitation. However, this Court does not subscribe to the view that grandparents are entitled to contend for autonomous visitation privileges absent a showing of exceptional circumstances.

We find that court-ordered grandparental visitation, in addition to the father's visitation periods, borders on divided custody among the contending parties. The custodial parent would have the child only one full weekend out of each month. As this Court noted in *Avin v. Avin*, 272 S.C. 514 252 S.E. (2d) 888 (1979):

. . . [O]rdinarily it is not conducive to the best interests and welfare of a child for it to be shifted and shuttled

back and forth in alternate brief periods between contending parties, particularly during the school term. Furthermore, such an arrangement is likely to cause confusion, interfere with the proper training and discipline of the child, make the child the basis of many quarrels between its custodians, render its life unhappy and discontented and prevent it from living a normal life. A determination of whether a divided custody situation exists turns on how long the child is away from the custodial parent during periods of court ordered visitation. Thus, court ordered visitation with grandparents should be considered in reaching a determination of whether a divided custody situation exists. Visitation awarded to each natural parent as well as to a third party should be considered in reaching this determination.

We discern no exceptional circumstance in this case warranting court-ordered visitation rights to the grandparents. Hence, the ruling of the Court of Appeals is reversed.

Reversed.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.