624 S.E.2d 435

**Chris A. SPIVEY, by his Appointed Guardian ad Litem Jerry SPIVEY, Appellant/Respondent,**

v.

**CAROLINA CRAWLER, Employer, and Travelers Property & Casualty Company, Carrier, Respondents/Appellants.**

No. 4053.

Court of Appeals of South Carolina.

Heard Oct. 11, 2005.

Decided Nov. 28, 2005.

Rehearing Denied Jan. 19, 2006.

David T. Pearlman and J. Kevin Holmes, of Charleston, for Appellant–Respondent.

Byron P. Roberts and Tommy Evans, Jr., of Columbia; M. Dawes Cooke, Jr., Andrea Brisbin, of Charleston, for Respondent–Appellants.

HEARN, C.J.:

Chris Spivey brought this action against Carolina Crawler, his employer, and Travelers Property and Casualty Co., insurance carrier for Carolina Crawler, seeking review of a clincher settlement that limited his recovery of compensation under the South Carolina Workers' Compensation Act. This appeal consolidated Spivey's appeal from the circuit court's dismissal of the action for lack of jurisdiction, and the Employer and Carrier's appeal from the full commission's reopening of the clincher agreement on the issue of fraud. We affirm in part and dismiss in part.

## FACTS

On October 9, 1997, Spivey sustained an injury in an accident arising out of and in the course of his employment with Carolina Crawler ("Employer"). Spivey fractured his skull when his head became stuck between the blade and track of a bulldozer. The accident resulted in brain damage, deafness, double vision, cognitive and psychological problems, joint pain, and other injuries.

A couple of years later, Spivey returned to work. Travelers Property and Casualty Co. ("Carrier"), carrier for Employer, approached Spivey about settling his workers' compensation claim. On June 3, 1999, the parties held a conference before a single commissioner that resulted in the approval of a clincher settlement agreement ("clincher") for $32,201. Counsel did not represent Spivey when he consented to the clincher agreement. The full commission approved the clincher on June 9, 1999.

Spivey continued to have medical problems. Upon learning of the clincher, Spivey's family sought legal representation. On May 8, 2000, Spivey's mother petitioned to be appointed as Spivey's Guardian ad Litem, and initiated this action by filing

a Form 50 seeking relief from and/or seeking to set aside the clincher. The full commission dismissed the Form 50 in a consent order signed by the parties stating the commission lacked jurisdiction to review the claim.

On January 19, 2001, Spivey filed an action in the circuit court arguing the clincher should be set aside. The circuit court dismissed the action on the basis that it lacked jurisdiction to review a clincher. Spivey filed a motion to reconsider. At the hearing on Spivey's motion, the circuit court stated it "simply had no jurisdiction to review the agreement," but "there's nothing that divests the [full commission] from reviewing the clincher based on any allegations of fraud or incapacity." The judge added, "I do not believe that I have the ability or the jurisdiction to remand this. I don't think that it is necessary. I think that you just need to rebring your action."

In response to the circuit court's recommendation, Spivey once again filed a Form 50 with the full commission. In addition, Spivey appealed the circuit court's dismissal of his action to this court. Spivey next filed a motion to stay the appeal pending the full commission's decision concerning its jurisdiction to review the clincher. This court granted the stay.

On November 12, 2003, the full commission granted Spivey a hearing to review the clincher solely on the issue of fraud and remanded the matter to the single commissioner for the hearing. Employer and Carrier filed a motion to reconsider, and the full commission denied the motion. Employer and Carrier then filed a notice of appeal to the circuit court. The circuit court dismissed the appeal stating "any issue about jurisdiction under the full commission has to be taken up with the full commission and/or the Court of Appeals."

Thereafter, Employer and Carrier filed a notice of appeal to this court, a motion to consolidate their appeal with Spivey's previously filed appeal, and a motion to lift the stay on Spivey's appeal. Spivey filed a motion to dismiss Employer and Carrier's appeal and a return to both the motion to consolidate and the motion to lift the stay. This court denied the motion to dismiss, granted the motion to lift the stay, and consolidated the appeals.

## LAW/ANALYSIS

### I. Spivey's Appeal

Spivey argues the circuit court erred in granting Employer and Carrier's motion to dismiss his original cause of action for lack of jurisdiction. He contends the circuit court has jurisdiction to grant relief from unfair clinchers. We disagree.

■ A clincher is a final release agreement that "relieves the employer and its representative from any further responsibility for payment of compensation or medical expenses." 25A S.C.Code Ann. Reg. 67–801(E) (1990). When the claimant signs the clincher and it is approved, the claimant can no longer ask for additional payments. *Id.* If an attorney does not represent the claimant, the full commission must approve the agreement. S.C.Code Ann. § 42–9–390 (Supp.2004); 25A S.C.Code Ann. Reg. 67–803(B)(1)(d) (1990). The full commission will not approve a clincher that is not fairly made. 25A S.C.Code Ann. Reg. 67–803(C). Our supreme court has held the full commission has the power to approve a clincher and make it final and binding and not subject to review by the courts under any conditions. *Atkins v. Charleston Shipbuilding & Drydock,* 206 S.C. 63, 68, 33 S.E.2d 46, 48 (1945); *see also Singleton v. Young Lumber Company,* 236 S.C. 454, 114 S.E.2d 837 (1960) (holding settlement agreements, when approved by the full commission, are binding on the parties as an unappealed order, decision, or award of the full commission, or an award of the full commission affirmed on appeal).

Here, Spivey entered into a clincher with Employer and Carrier. Both a single commissioner and the full commission approved the clincher. Through the full commission's approval of the agreement, the statutory clincher scheme precluded appellate review. The agreement specifically provides "upon such approval this Agreement and Release shall not be subject to review or amendment by the South Carolina Workers' Compensation Commission or the Courts of this State." The full commission, therefore, validly approved the clincher and intended the clincher to be final and binding. Thus, the circuit court correctly held that it was without jurisdiction to review the clincher.

Spivey alleges Rule 60 of the South Carolina Rules of Civil Procedure provides the circuit court with the jurisdiction to reopen the clincher agreement. Rule 60 permits a party to collaterally attack a final judgment by moving to set aside the judgment on various grounds, including fraud and mistake. Section 42–17–70 of the South Carolina Code (2004) does use the term "judgment" to refer to approved settlement agreements (clinchers). The statute, however, refers to the settlement agreement as a "judgment" solely for *enforcement* purposes. The statute does not provide a settlement agreement constitutes a judgment for purposes of review. *See Wall v. C.Y. Thomason Co.*, 232 S.C. 153, 156, 101 S.E.2d 286, 288 (1957) (holding "the language [Section 72–357 (now § 42–17–70)] is mandatory; and the rendition of judgment in such case is *ministerial rather than judicial* for the award is subject to review only by the appeal process to which we have referred")(emphasis added).

Nor does the Administrative Procedures Act (APA) provide authority for judicial review of clinchers. Under the APA, circuit courts may review final decisions of the full commission to determine if the decision was affected by an error of law in view of the evidence on the whole record. *See Shealy v. Aiken County*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000). The Workers' Compensation Act, however, does not require the full commission to create a formal record of its approval of a clincher agreement. Therefore, the full commission's approval of a clincher does not constitute a final decision that the circuit court can meaningfully review under the APA.

Spivey next contends the Uniform Declaratory Judgments Act, S.C.Code Ann. §§ 15–53–10 *et seq*, authorizes judicial review of clinchers. We agree with the circuit court judge that because the court was without jurisdiction to reopen Spivey's claim before the commission, he had no cognizable claim under the Uniform Declaratory Judgments Act.

Accordingly, the circuit court correctly dismissed Spivey's action for lack of jurisdiction.

## II.  Employer and Carrier's Appeal

Employer and Carrier raise several issues concerning the full commission's jurisdiction to review the clincher. They argue the clincher is not subject to review and, in addition, *res*

*judicata* bars review. They also note the parties agreed by a consent order that the full commission lacked jurisdiction.

"The function of appellate courts is not to give opinions on merely abstract or theoretical matters, but only to decide actual controversies injuriously affecting the rights of some party to the litigation." *Sloan v. Greenville County*, 356 S.C. 531, 552, 590 S.E.2d 338, 349 (Ct.App.2003). In general, this court may only consider cases when a justiciable controversy exists. *See Lennon v. S.C. Coastal Council*, 330 S.C. 414, 415, 498 S.E.2d 906, 906 (Ct.App.1998) (holding "a threshold inquiry for any court is a determination of justiciability"). "A justiciable controversy is a real and substantial controversy which is ripe and appropriate for judicial determination, as distinguished from a contingent, hypothetical or abstract dispute." *Pee Dee Elec. Coop., Inc. v. Carolina Power Light Co.*, 279 S.C. 64, 66, 301 S.E.2d 761, 762 (1983); *see also Kiawah Property Owners Group v. The Public Service Comm'n of South Carolina*, 357 S.C. 232, 593 S.E.2d 148 (2004); *Byrd v. Irmo High School*, 321 S.C. 426, 468 S.E.2d 861 (1996). Accordingly, issues that are not ripe are not proper subjects of review.

Here, although the full commission has granted a hearing to review the clincher on the issue of fraud, it has not yet held the hearing. The full commission has neither articulated the basis by which it asserts its jurisdictional authority, nor has it decided whether the clincher was procured by fraud. The rights of the parties have not been finally adjudicated, and any decision by this court would be premature. Therefore, pending the outcome of the hearing before the full commission, we find this issue not ripe for our review.[1]

Likewise, we do not consider Employer and Carrier's argument that Spivey failed to prove his grounds for relief because

---

1. We express no opinion on whether the full commission has jurisdiction to reopen a clincher agreement based on fraud. However, we would note other South Carolina tribunals have the inherent power to reopen agreements and judgments procured by fraud. *See Raby Const., L.L.P. v. Orr*, 358 S.C. 10, 18, 594 S.E.2d 478, 482 (2004) (citing *Bryan v. Bryan*, 220 S.C. 164, 66 S.E.2d 609 (1951)); *see also Greenfield v. Greenfield*, 245 S.C. 604, 141 S.E.2d 920 (1965) (holding "the inherent powers of a court, which are essential to its existence and protection and to the due administration of justice within the scope of the

the full commission has not held the hearing to review the clincher. This issue, therefore, is not ripe for appeal. *See Pee Dee Elec. Coop., Inc.,* 279 S.C. at 66, 301 S.E.2d at 762.

In their reply brief, Employer and Carrier argue the full commission erred in appointing Spivey's mother as his Guardian ad Litem without first holding a hearing on the issue. Employer and Carrier also argue the full commission erred in granting Spivey a hearing to review the clincher without first holding a hearing. We do not consider these issues because Employer and Carrier did not raise these issues in their initial brief. *See Lister v. NationsBank of Delaware, N.A.,* 329 S.C. 133, 153, 494 S.E.2d 449, 460 (Ct.App.1997) (holding an appellant may not use the reply brief to argue issues not argued in the appellant's initial brief).

## CONCLUSION

Based on the foregoing, we affirm the circuit court's dismissal of Spivey's appeal for lack of jurisdiction. We dismiss all issues concerning the full commission's jurisdiction, as these issues are not ripe for appeal. Accordingly, this case is

**AFFIRMED IN PART and DISMISSED IN PART.**

STILWELL and KITTREDGE, JJ., concur.

---

jurisdiction expressly conferred, do not depend upon express constitutional or legislative grant'').