THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 East Bay
 Company, Ltd., as successor in interest to Regions Bank, Respondent,
 v.
 Baxley
 Commercial Properties, LLC, a North Carolina Limited liability company;
 Co-Realty, LLC, a South Carolina limited liability company; Lowcountry
 Endodontics, P.A., a South Carolina Proffessional associtation; CMM Properties,
 LLC, a South Carolina limited liability company; Christos M. Maltezos a/k/a
 Christos M. Maltezos; Park West Master Association Inc., a South Carolina
 non-profit corporation;  and Atrium Builders, LLC, a South Carolina limited
 liability company, Defendants,
 of whom Atrium Builders,
 LLC, a South Carolina limited liability company is Appellant.
 
 
 

Appeal From Charleston County
 Mikell R. Scarborough, Master-in-Equity

Unpublished Opinion No.    2011-UP-186
 Submitted April 1, 2011  Filed April 25,
2011

APPEAL DISMISSED

 
 
 
 James E. Weatherholtz and James M. Wilson, both of Charleston, for
 Appellant. 
 Mark S. Sharpe, of Charleston, for Respondent.
 
 
 

PER CURIAM:  In this
 mortgage foreclosure action, Atrium Builders (Atrium) argues the Master-in-Equity
 erred in making certain findings of fact and conclusions of law in his final
 order.  Specifically, Atrium contends the master erred because his findings and
 conclusions that no agreement existed between Atrium and Regions Bank (Regions)
 may have a preclusive effect in a separate action Atrium filed against
 Regions.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: Baber v.
 Greenville Cnty., 327 S.C. 31, 44-45, 488 S.E.2d 314, 321 (1997) (finding mandamus issue not ripe for
 appellate review because it had not been presented to the Tax Commission); Pee Dee Elec. Co-op. v. Carolina Power & Light Co., 279 S.C. 64, 66, 301 S.E.2d 761, 762 (1983) (noting
 an issue that is contingent, hypothetical, or abstract is not ripe for review); Park v. Safeco Ins. Co., 251 S.C. 410, 414, 162 S.E.2d 709, 711 (1968)
 ("The courts generally decline to pronounce a declaration in a suit
 wherein the rights of the plaintiff are contingent upon the happening of some
 event which cannot be forecast and which may never take place.").
DISMISSED.
WILLIAMS, GEATHERS, and LOCKEMY, JJ., concur. 

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.