THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Robert B.
 Shealy, Jr., Appellant,
 
 
 

v.

 
 
 
 The Paul E.
 Shelton Revocable Trust, Respondent.
 
 
 

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

Unpublished Opinion No. 2011-UP-371
 Submitted April 6, 2011  Filed July 21,
2011   

APPEAL DISMISSED

 
 
 
 Stephan V. Futeral and Thomas C. Nelson, both
 of Mount Pleasant, for Appellant.
 Fleet  Freeman, of Mount Pleasant, for
 Respondent.
 
 
 

PER CURIAM: Robert
 B. Shealy (Shealy) argues the Master-In-Equity (Master) erred by not awarding him
 $132,000 in brokers' commission fees for 1219 East Ashley Avenue (the Property)
 pursuant to a right of first refusal contract (Refusal Contract) executed by
 Paul E. Shelton.  We dismiss the appeal.[1]   
On February 17, 2003, Shealy
 and Shelton executed an exclusive right to sell listing agreement for 1220 East
 Ashley Avenue in Folly Beach, South Carolina.  Pursuant to the terms of the
 agreement, Shealy was entitled to a commission of 4.5% in exchange for securing
 a purchaser.  Subsequently, Edward Gilbreath purchased 1220 East Ashley Avenue. 
 In consideration for Gilbreath's purchase, Shelton granted Gilbreath a right of
 first refusal to purchase the Property which neighbored 1220 East Ashley
 Avenue.  The Refusal Contract provided, "Bobby Shealy shall be
 deemed the listing agent . . . as to a sale of the Property from Paul E.
 Shelton to Edward Gilbreath.  Bobby Shealy shall be deemed
 the listing agent as to any other sale of the Property."  (emphasis in
 original).  Shelton died on August 27, 2004, and Shirley Huggins was appointed
 personal representative of his estate (the Estate).[2]  
Sometime in May or June 2005,
 Gilbreath viewed the Property but declined to purchase it.  On July 15, 2005, Shealy
 filed a creditor's claim with the probate court claiming he was entitled to a
 commission of $132,000 or 6% of the Property's $2,200,000 from the Estate.[3] 
 The Estate disallowed Shealy's creditor's claim on July 29, 2005, and Shealy
 petitioned for allowance of the claim on August 18, 2005.  On January 17, 2006,
 Shealy filed a petition for declaratory judgment or specific performance.  On
 February 10, 2006, the Estate moved to remove the case to the circuit court,
 and Shealy also moved to remove the case to the circuit court, including his
 creditor's claim.  The probate court transferred the case to the circuit court,
 and the circuit court referred the case to the Master.
The Master concluded (1)
 Shealy lacked standing to bring suit on the recovery of the brokers' commission
 fee because the commission belonged to the real estate agency rather than to Shealy;
 (2) the Refusal Contract was not an enforceable contract, and, as a result Shealy's
 action for breach of contract or breach of contract with fraudulent intent was
 not actionable; (3) the declaratory judgment action was not justiciable because
 there was no enforceable contract declaring Shealy's rights; and (4) Shealy was
 not entitled to specific performance. We dismiss the appeal pursuant to the
 following authorities:  Pee Dee Elec. Co-op., Inc. v. Carolina Power &
 Light Co., 279 S.C. 64, 66, 301 S.E.2d 761, 762 (1983) (noting an
 issue that is contingent, hypothetical, or abstract is not ripe for review); Park
 v. Safeco Ins. Co., 251 S.C. 410, 414, 162 S.E.2d 709, 711 (1968)
 ("The courts generally decline to pronounce a declaration in a suit
 wherein the rights of the plaintiff are contingent upon the happening of some
 event which cannot be forecast and which may never take place."); Springs
 & Davenport, Inc. v. AAG, Inc., 385 S.C. 320, 325, 683 S.E.2d 814, 816
 (Ct. App. 2009) (noting the general rule that a broker earns his commission
 when "he procures a purchaser who is accepted by the owner of the property
 and with whom the latter, uninfluenced by any representation of fraud on the
 part of the broker, enters into a valid and enforceable contract").
APPEAL DISMISSED.
WILLIAMS, GEATHERS, and LOCKEMY, JJ.,
 concur. 

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.
[2] In its motion
 for summary judgment, the Estate asserted it was not the proper party-defendant
 since the Paul E. Shelton Revocable Trust owned the property.  Initially, the
 Master granted summary judgment in favor of the Estate.  Shealy filed a Rule
 59(e), SCRCP, motion, and the Master granted Shealy leave to amend his
 complaint to substitute the Paul E. Shelton Revocable Trust as the proper
 defendant.
[3] Shealy
 subsequently claimed he was entitled to a 4.5% commission fee rather than a 6%
 commission fee based on the listing agreement of 1220 East Ashley Avenue.