**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

AequiCap Insurance Company, Appellant,

v.

Eddie Reese Best, Travis Scott d/b/a Fiscal Transport, F.I.S.C.A.L. Transportation, LLC, Estate of James Buchanan, and Roger Pelotte, Defendants,

Of whom Estate of James Buchanan and Roger Pelotte are Respondents.

Appellate Case No. 2010-180986

Appeal From Bamberg County
Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2013-UP-116
Heard March 5, 2013 – Filed March 20, 2013

**AFFIRMED**

Robert D. Moseley, Jr., C. Fredric Marcinak, III, and Joseph W. Rohe, all of Smith Moore Leatherwood, LLP, of Greenville, for Appellant.

John S. Nichols, of Bluestein, Nichols, Thompson & Delgado, LLC, of Columbia, and Daniel W. Luginbill, of

Wilson, Luginbill & Kirkland, LLC, of Bamberg, both for Respondents.

---

**PER CURIAM:** This appeal arises from a declaratory judgment action filed by Appellant AequiCap Insurance Company (AequiCap), seeking a ruling as to its duties and obligations to Travis Scott, Fiscal Transport, Eddie Best, and Respondents Estate of James Buchannan and Roger Pelotte.[1]  The trial court found the following: (1) the preapproval provision in the endorsement requiring all drivers of the insured vehicle to be approved prior to coverage is void; (2) Best is afforded liability coverage in the amount of $1,000,000 for any liability related to his operation of the vehicle in question; and (3) Scott is afforded liability coverage in the amount of $1,000,000 for any liability related to his alleged ownership or maintenance of the vehicle in question.  On appeal, AequiCap argues the trial court erred because (1) the preapproval endorsement in the insurance policy properly excludes coverage in amounts exceeding those required by the South Carolina Financial Responsibility Act, and (2) the applicable minimum limit of coverage is $75,000 because the insured was exempt from commercial motor carrier insurance requirements.  We affirm.

1.  As an additional sustaining ground, Respondents argue AequiCap did not appeal the trial court's ruling that if the preapproval provision applied to limit coverage for Best, the provision would not limit coverage for Scott, as the named insured, for any liability related to his maintenance of the vehicle in question.  Thus, Respondents argue this finding is the law of the case.  Because AequiCap did not appeal the trial court's finding that the preapproval provision does not limit coverage for Scott's liability under the policy, we affirm.  *See Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) ("Under the two issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case."); *Transp. Ins. Co. & Flagstar Corp. v. S.C. Second Injury Fund*, 389 S.C. 422, 432, 699 S.E.2d 687, 692 (2010) (noting an issue is deemed abandoned if the argument in the brief is not supported by authority or is only conclusory); *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 420, 526 S.E.2d

---

[1]  During the pendency of this appeal, AequiCap, a Florida company, became insolvent and was placed into a receivership by the Florida courts.  However, AequiCap was a member of the South Carolina Property and Casualty Insurance Guaranty Association; thus, the underlying claim is being managed by the Guaranty Association.  *See* S.C. Code Ann. § 38-31-60 (2002).

716, 723 (2000) ("The appellate court may review respondent's additional reasons and, if convinced it is proper and fair to do so, rely on them or any other reason appearing in the record to affirm the lower court's judgment."); *Spivey ex rel. Spivey v. Carolina Crawler*, 367 S.C. 154, 161, 624 S.E.2d 435, 438 (Ct. App. 2005) (declining to address issues raised in the appellant's reply brief because a reply brief may not be used to argue issues not raised in the appellant's initial brief).

2.  As to AequiCap's remaining issues on appeal, we decline to address these issues because the above finding is dispositive of the appeal.  *See Young v. Charleston Cnty. Sch. Dist.*, 397 S.C. 303, 311, 725 S.E.2d 107, 111 (2012) (declining to address additional remaining issues when the disposition of a prior issue was dispositive of the appeal).

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**