**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Clarence Winfrey, Employee, Appellant,

v.

Archway Services, Inc., Employer, and American Fire & Casualty Insurance Company, Carrier, Respondents.

Appellate Case No. 2014-001816

–––––––––––––

Appeal From The Workers' Compensation Commission

–––––––––––––

Unpublished Opinion No. 2017-UP-337
Heard December 6, 2016 – Filed August 2, 2017

–––––––––––––

**DISMISSED**

–––––––––––––

Preston F. McDaniel, of McDaniel Law Firm, of Columbia, for Appellant.

Brett Harris Bayne, of McAngus Goudelock & Courie, LLC, of Columbia, for Respondents.

–––––––––––––

**PER CURIAM:** Clarence Winfrey appeals from the order of the Appellate Panel of the Workers' Compensation Commission (Appellate Panel) affirming in part and reversing in part the order of the Single Commissioner. Winfrey alleges the Appellate Panel erred as a matter of law in (1) denying his right to seek workers'

compensation benefits for an alleged injury to his head, brain, or both, (2) permanently denying his right to seek benefits for an alleged injury to his head, brain, or both, (3) considering these issues because Winfrey removed them from consideration prior to the hearing before the Single Commissioner, and (4) adopting the proposed order of Archway Services and American Fire & Casualty Insurance Company (collectively Archway).

During oral argument Archway abandoned its position with regard to Issues 1, 2, and 3. Specifically, Archway stated that if Winfrey had sufficient medical evidence demonstrating causality between the work place accident and a head or brain injury Archway would not contest his ability to file a Form 50 and seek compensation pursuant to the Workers' Compensation Act. Accordingly, we find a justiciable controversy no longer exists regarding these issues, and they are now moot. *See Pee Dee Elec. Co-op., Inc. v. Carolina Power & Light Co.*, 279 S.C. 64, 66, 301 S.E.2d 761, 762 (1983) ("A justiciable controversy is a real and substantial controversy which is ripe and appropriate for judicial determination, as distinguished from a contingent, hypothetical or abstract dispute."); *Sloan v. Greenville Cty.*, 356 S.C. 531, 552, 590 S.E.2d 338, 349 (Ct. App. 2003) ("Moot appeals differ from unripe appeals in that moot appeals result when intervening events render a case nonjusticiable."); *Id.* ("This [c]ourt will not pass on moot and academic questions or make an adjudication where there remains no actual controversy.").

With our disposition as to Winfrey's Issues 1, 2, and 3, we recognize that Winfrey is no longer aggrieved by the Appellate Panel's decision and order. The Appellate Panel's decision and order found Winfrey's myocardial infarction and attendant ventricular septal defect to be compensable under the Workers' Compensation Act. The only aspect of the order that aggrieved Winfrey was the denial of any claim, present or future, as to a related injury to either or both his head or brain. However, as noted above, Archway has abandoned its position regarding those issues and agreed that Winfrey would be allowed to file a new Form 50 alleging causality should sufficient evidence exist to demonstrate an injury to his head, brain, or both. Therefore, we find Winfrey is no longer aggrieved in any way and cannot appeal from the order. *See* Rule 201(b), SCACR ("Only a party aggrieved by an order, judgment, sentence or decision may appeal.").

**DISMISSED.**

**LOCKEMY, C.J., and WILLIAMS and THOMAS, JJ., concur.**