**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Scott Ledford, Employee, Appellant,

v.

Department of Public Safety, Employer, and State Accident Fund, Carrier, Respondents.

Appellate Case No. 2016-000601

_____

Appeal From The Workers' Compensation Commission

_____

Unpublished Opinion No. 2018-UP-280
Heard May 16, 2018 – Filed June 27, 2018

_____

**AFFIRMED**

_____

James K. Holmes, of The Steinberg Law Firm, LLP, of Charleston, and E. Hood Temple, of Hatfield Temple, LLP, of Florence, both for Appellant.

Sarah C. Sutusky and John Paul Simkovich, both of Willson Jones Carter & Baxley, P.A., of Columbia, for Respondents.

_____

**PER CURIAM:** In this workers' compensation action against the Department of Public Safety (the Department), former highway patrolman Scott Ledford (Claimant) appeals, arguing the Appellate Panel of the Workers' Compensation

Commission (the Appellate Panel) erred in (1) failing to find the single commissioner should have recused herself, (2) failing to find the single commissioner improperly overruled unappealed findings of a prior single commissioner, and (3) adopting factual findings unsupported by substantial evidence. We affirm.

As to the first issue, we find the single commissioner was not required to recuse herself. *See Koon v. Fares*, 379 S.C. 150, 156, 666 S.E.2d 230, 234 (2008) ("A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including instances where he has a personal bias or prejudice against a party."); *Mallett v. Mallett*, 323 S.C. 141, 145, 473 S.E.2d 804, 807 (Ct. App. 1996) ("Such bias must stem from an extrajudicial source and result in decisions based on information other than what the judge learned from his participation in the case."). We further find Claimant has not attributed prejudice to the decision of the Appellate Panel. *See Hargrove v. Titan Textile Co.*, 360 S.C. 276, 289, 599 S.E.2d 604, 611 (Ct. App. 2004) ("The Appellate Panel is the ultimate fact finder in Workers' Compensation cases . . . ."); *Mallett*, 323 S.C. at 145-46, 473 S.E.2d at 807 ("It is not enough for a party seeking disqualification to simply allege bias. The party must show some evidence of bias or prejudice."); *id.* at 147, 473 S.E.2d at 808 ("The fact a trial judge ultimately rules against a litigant is not proof of prejudice by the judge, even if it is later held the judge committed error in his rulings.").

Next, the Appellate Panel reversed the single commissioner regarding the second issue, and we find the Appellate Panel's findings are supported by substantial evidence. *See Bass v. Isochem*, 365 S.C. 454, 467, 617 S.E.2d 369, 376 (Ct. App. 2005) ("[T]his [c]ourt's review is limited to deciding whether the Appellate Panel's decision is unsupported by substantial evidence or is controlled by some error of law."). Due to the Appellate Panel's reversal, we find further discussion of the single commissioner's ruling is not warranted. *See Spivey ex rel. Spivey v. Carolina Crawler*, 367 S.C. 154, 160, 624 S.E.2d 435, 438 (Ct. App. 2005) ("The function of appellate courts is not to give opinions on merely abstract or theoretical matters, but only to decide actual controversies injuriously affecting the rights of some party to the litigation." (quoting *Sloan v. Greenville Cty.*, 356 S.C. 531, 552, 590 S.E.2d 338, 349 (Ct. App. 2003))).

Third, we find substantial evidence supports the Appellate Panel's findings that Claimant was not credible and his landscaping business remained lucrative following the injury. *See Hargrove*, 360 S.C. at 289, 599 S.E.2d at 611 ("The Appellate Panel is the ultimate fact finder in Workers' Compensation cases and is

not bound by the [s]ingle [c]ommissioner's findings of fact."); *id.* ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the Appellate Panel.").

**AFFIRMED.**

**SHORT, THOMAS, and HILL, JJ., concur.**