**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Sanyika Askari, #236679, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2018-001307

———————

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

———————

Unpublished Opinion No. 2020-UP-097
Submitted February 1, 2020 – Filed April 8, 2020

———————

**AFFIRMED**

———————

Sanyika Askari, pro se.

Annie Laurie Rumler, of Columbia, of South Carolina Department of Corrections, for Respondent.

———————

**PER CURIAM:** Sanyika Askari appeals the Administrative Law Court's (the ALC's) order dismissing his inmate grievance, alleging the South Carolina Department of Corrections (SCDC) failed to expunge an escape charge from his inmate record. On appeal, Askari argues the ALC erred by (1) not exercising jurisdiction over his appeal pursuant to *Al-Shabazz v. State*, 338 S.C. 354, 527 S.E.2d 742 (2000), and (2) dismissing his appeal without reviewing the entire

record. Askari contends his inmate grievance implicated a state-created liberty interest and the escape charge on his inmate record prevented him from obtaining reclassification.

1. We affirm because Askari's inmate grievance did not implicate a state-created liberty interest, and thus the ALC order of dismissal was proper. *See Slezak v. S.C. Dep't of Corr.*, 361 S.C. 327, 331, 605 S.E.2d 506, 508 (2004) ("Summary dismissal may be appropriate where the inmate's grievance does not implicate a state-created liberty or property interest."); *Sullivan v. S.C. Dep't of Corr.*, 355 S.C. 437, 443, 586 S.E.2d 124, 127 (2003) ("The only way for the [ALC] to obtain subject matter jurisdiction over [an inmate's grievance appeal] is if it implicates a state-created liberty interest."); *Brown v. Evatt*, 322 S.C. 189, 194, 470 S.E.2d 848, 851 (1996) ("[T]he security and custody classification of state prison inmates is a matter for state prison official discretion whose exercise is not subject to federal procedural due process constraints.").[1]

2. Because we affirm the ALC's order of dismissal on jurisdictional grounds, we need not address Askari's second issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

**AFFIRMED.**[2]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[1] To the extent Askari's appeal anticipates SCDC would incorrectly determine his custody classification by using his escape history against him in a future custody review, we find the issue is not ripe for review. *See Pee Dee Elec. Coop., Inc. v. Carolina Power & Light Co.*, 279 S.C. 64, 66, 301 S.E.2d 761, 762 (1983) ("A justiciable controversy is a real and substantial controversy which is ripe and appropriate for judicial determination, as distinguished from a contingent, hypothetical or abstract dispute.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.