**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ex Parte Linda Charles, Proposed Intervenor/Appellant.

Craig Doehner and Sharon Doehner, Respondents,

v.

Eric J. Perry, Respondent.

In the interest of minors under the age of eighteen.

Appellate Case No. 2020-000002

Appeal From Georgetown County
Melissa J. Buckhannon, Family Court Judge

Unpublished Opinion No. 2021-UP-004
Submitted November 9, 2020 – Filed January 5, 2021

**AFFIRMED**

Brana J. Williams, of Williams Law Firm, LLC; and
Ryan A. Stampfle, of Indigo Family Law, LLC, both of
Surfside Beach, for Appellant.

John M. Hilliard, III, of Hilliard Law Firm, LLC, of
Georgetown; and Allison Bullard McNair, of Building
Families LLC, of Columbia, for Respondents Craig
Doehner and Sharon Doehner.

Eric J. Perry, pro se.

Barbara Wilson Pratt, of Conway, as Guardian ad Litem.

Russell W. Hall, III, of Myrtle Beach, as Guardian ad Litem.

---

**PER CURIAM:** Linda Charles appeals an order denying her motion to intervene in a termination of parental rights (TPR) action concerning her grandchildren (Children). On appeal, Charles argues (1) a grandparent with visitation rights should be permitted to intervene in a TPR action concerning her grandchildren and (2) Sharon and Craig Doehner's contemptuous behavior in denying her visitation should not be rewarded by denying Charles's motion to intervene. Charles also asks this court to clarify whether a grandparent's preexisting visitation rights survive TPR and adoption. We affirm.

This case has a tragic background. In September 2017, Children's father murdered their mother; he is serving a forty-five year prison sentence. The Doehners, who are Children's maternal grandparents, filed a custody action in October 2017 and obtained a final order granting them custody of Children. Thereafter, Charles, Children's paternal grandmother, filed a visitation action. Following a four-day hearing, the family court issued an order on October 8, 2019, awarding Charles visitation.[1]

On July 22, 2019, while Charles's visitation action was pending, the Doehners filed an action for TPR and adoption. On August 21, 2019, Charles filed a motion to intervene in the Doehners' TPR and adoption action. On October 8, 2019, Charles filed an amended motion to intervene, asserting the family court had just issued an order awarding her visitation.

On January 13, 2020, the family court issued an order denying intervention. In finding Charles lacked standing, the court found "her consent or relinquishment [was] not required in this adoption proceeding." Likewise, the court determined Charles had "separate, distinct visitation rights already decided upon and established in a prior, separate [c]ourt order," and "[t]hose interests [would] not be

---

[1] The Doehners have appealed that order, and we are addressing that appeal in a separate opinion.

extinguished in a TPR and adoption matter against [Children's father]."  Charles filed a motion to reconsider, which the family court denied.  This appeal followed.

On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).  However, "[w]e review a family court's evidentiary or procedural rulings under an abuse of discretion standard."  *Cooper v. S.C. Dep't of Soc. Servs.*, 428 S.C. 402, 410, 835 S.E.2d 516, 520 (2019).

In *Chavis v. Witt*, 285 S.C. 77, 79, 328 S.E.2d 74, 75 (1985), our supreme court considered whether adoption would "preclude the granting of visitation rights to grandparents when their son or daughter has not consented to adoption."  There, the child's biological father died when she was eleven months old, her mother remarried, and the mother's new husband adopted the child.  *Id.* at 78, 328 S.E.2d at 74-75.  The paternal grandparents sought visitation, which the family court awarded.  *Id.*  On appeal, our supreme court affirmed, reasoning,

> [T]he father has not consented to [TPR], nor have such rights been terminated except through death.  In many adoption cases, the natural parents of the child are purposefully secreted; in such instances, obviously neither the natural parents nor the natural grandparents have any visitation rights.  In like fashion, when the court terminates parental rights, grandparents would have no rights of visitation.
>
> The extent of our ruling is to hold that when a parent dies, the relationship of the grandparents to the child of the deceased person is not obliterated.  The adoption statute does not preclude the granting of visitation rights to grandparents when their son or daughter has not consented to adoption.

*Id.* at 79, 328 S.E.2d at 75.

Under *Chavis*, a grandparent has no right to visitation after TPR.  Here, however, Charles has an order awarding her visitation that predates any TPR and adoption order that may subsequently be filed.  It is unclear whether the holding in *Chavis* would serve to extinguish a grandparents' preexisting visitation rights.  However,

we decline to decide that issue today because it is not yet ripe. *See Tracy v. Tracy*, 384 S.C. 91, 99, 682 S.E.2d 14, 18 (Ct. App. 2009) ("Before any action can be maintained, a justiciable controversy must be present." (quoting *Sloan v. Greenville County*, 356 S.C. 531, 546, 590 S.E.2d 338, 346 (Ct. App. 2003)); *Spivey ex rel. Spivey v. Carolina Crawler*, 367 S.C. 154, 160, 624 S.E.2d 435, 438 (Ct. App. 2005) ("[I]issues that are not ripe are not proper subjects of review."). The applicability of this issue to Charles's visitation rights is contingent upon (1) the family court ordering TPR in the Doehner's TPR and adoption action and (2) the Doehners subsequently seeking to modify Charles's visitation based on the theory that such rights were extinguished by TPR. *See Tracy*, 384 S.C. at 99, 682 S.E.2d at 18 ("A justiciable controversy is a real and substantial controversy which is ripe and appropriate for judicial determination, as distinguished from a contingent, hypothetical or abstract dispute." (quoting *Pee Dee Elec. Coop., Inc., v. Carolina Power & Light Co.*, 279 S.C. 64, 66, 301 S.E.2d 761, 762 (1983)).

Further, the family court did not abuse its discretion in denying intervention under these facts. *See Cooper*, 428 S.C. at 410, 835 S.E.2d 520 ("We review a family court's evidentiary or procedural rulings under an abuse of discretion standard."). The Doehners concede in their brief to this court that TPR and adoption would not impact Charles's visitation rights, and they did not file this TPR and adoption action to thwart Charles's visitation rights. Based on this concession, we find no basis to permit intervention into the Doehners' TPR and adoption action. Charles does not point to a statute that would confer an unconditional or conditional right to intervene, and we are not aware of any. *See* Rule 24, SCRCP (providing a party shall be permitted to intervene when a statute confers an unconditional right, or may be permitted to intervene when a statute confers a conditional right). Further, we decline to construe children as property or a TPR as a transaction. *See* Rule 24(a) (providing a party "shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action . . . ."). Finally, based on the Doehners' concession that TPR and adoption will not impact Charles's visitation rights, we find Charles's claim to visitation does not have a question of law or fact in common with the TPR and adoption proceeding. *See* Rule 24(b) ("Upon timely application anyone may be permitted to intervene in an action . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common."). Based on the foregoing, the family court did not abuse its discretion in denying Charles's motion to intervene in the Doehners' TPR and adoption action.

**AFFIRMED.**[2]

**HUFF, WILLIAMS, and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.